# LEVIN-EPSTEIN & ASSOCIATES, P.C.
60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

May 1, 2023

*VIA ECF*
The Honorable Taryn A. Merkl, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201

Re: *Hernandez v. Happy Street LLC et al*
**Case No.: 1:22-cv-06918-DG-TAM**

Dear Honorable Magistrate Judge Merkl:

This law firm represents plaintiff Aaron Hernandez (the "Plaintiff") in the above-referenced matter.

This letter respectfully serves as a request for a enlargement of time to serve individual defendant Slobodan Radivojevic a/k/a Bob Radivojevic (the "Individual Defendant") and Happy Street Too LLC to, through and including June 1, 2023.

### I.    Legal Argument

#### A. The Court Should Grant a Short Extension of Time to Complete Service on the Individual Defendants

Rule 4(m) provides, in relevant part:

If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*George v. Pro. Disposables Int'l, Inc*., 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing Fed.R.Civ.P. 4(m)).

Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if the plaintiff demonstrates good cause. *Id.* Even in the absence of good cause, however, district courts have discretion to grant extensions of time to effect proper service. *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *see also Mares v. United States*, 627 Fed.Appx. 21, 23 (2d Cir. 2015) (summary order) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)).

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *Id.* (citation omitted).

    **i.    Good Cause Exists to Extend Plaintiff's Deadline to Serve the Remaining Non-Appearing Defendants**

According to the affidavits of service filed on March 16, 2023 [Dckt. Nos. 12-13], Plaintiff's process servers attempted to serve the Individual Defendant and Happy Street Too LLC on March 6, 2023, at two different addresses.

Plaintiff has identified another address for Defendants, and Plaintiff's process servers are in the process of re-attempting service.

Out of an abundance of caution, it is respectfully requested that the Court extend Plaintiff's deadline to serve the remaining non-appearing Defendants to, through and including, June 1, 2023.

**II.    Conclusion**

Thank you, in advance, for your time and attention to this matter.

    Respectfully submitted,

    LEVIN-EPSTEIN & ASSOCIATES, P.C.

    By:  */s/ Jason Mizrahi*
           Jason Mizrahi, Esq.
           60 East 42nd Street, Suite 4700
           New York, New York 10165
           Tel. No.: (212) 792-0048
           Email: Jason@levinepstein.com
           *Attorneys for Plaintiff*

VIA ECF: All Counsel