UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
Aaron Hernandez, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

         *Plaintiff*,

  - against -

Happy Street LLC, Happy Street Too LLC, and Slobodan Radivojevic (a/k/a Bob Radivojevic),

         *Defendants.*
-----------------------------------------X

Case No.: 1:22-cv-06918-DG-TAM

**AFFIRMATION IN SUPPORT OF CERTIFICATE OF DEFAULT**

  Jason Mizrahi, an attorney admitted to practice law in the State of New York, duly affirms under the penalties of perjury as follows:

  1. I am an attorney with Levin-Epstein & Associates, P.C. ("Levin-Epstein") and counsel for Plaintiff Aaron Hernandez ("Plaintiff") in the above-captioned proceeding. I am fully familiar with the facts and circumstances surrounding this matter.

  2. I submit this affirmation pursuant with Rule 55(a) of the Federal Rules of Civil Procedure, in support of Plaintiff's application for certificate of default against defendants Happy Street LLC, Happy Street Too LLC, and Slobodan Radivojevic (a/k/a Bob Radivojevic) (collectively, the "Defaulting Defendants").

  3. None of the Defaulting Defendants are infants or incompetent persons for whom a committee has been appointed, or in the military service as defined by the Act of Congress known as the "Soldiers' and Sailors' Civil Relief Act" of 1940 and in the New York "Soldiers' and Sailors' Civil Relief Act",

  4. This is an action seeking recovery against the Defaulting Defendants' violations of the

Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

5. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

6. Plaintiff filed the Complaint on November 13, 2022. [Dckt. No. 1].

7. On November 13, 2022, Plaintiff filed Requests for Issuance of Summons as to the Defaulting Defendants. [Dckt. No. 4].

8. Electronic summonses were subsequently issued as to all Defendants on November 14, 2022. [Dckt. No. 7].

9. On November 28, 2022, Defaulting Defendant Happy Street LLC was served a Summons and Complaint, with Civil Cover Sheet. [Dckt. No. 8]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before December 19, 2022.

10. On December 9, 2022, Proof of Service was filed with the Court. [*Id.*].

11. On May 8, 2023, Defaulting Defendant Happy Street LLC served, a second time, a Summons and Complaint, with Civil Cover Sheet. [Dckt. No. 22]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before May 29, 2023.

12. On May 16, 2023, Proof of Service was filed with the Court. [*Id.*]

13. On May 5, 2023, Defaulting Defendant Happy Street Too LLC served a Summons and Complaint, with Civil Cover Sheet. [Dckt. No. 18]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before May 26, 2023.

14. On May 11, 2023, Proof of Service was filed with the Court. [*Id.*].

15. On May 5, 2023, Defaulting Defendant Happy Street Too LLC served, a second time, a Summons and Complaint, with Civil Cover Sheet. [Dckt. No. 21]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before May 26, 2023.

16. On May 16, 2023, Proof of Service was filed with the Court. [*Id.*].

17. On May 5, 2023, Defaulting Defendant Slobodan Radivojevic was served a Summons and Complaint, with Civil Cover Sheet. [Dckt. No. 17]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before May 26, 2023.

18. On May 11, 2023, Proof of Service was filed with the Court. [*Id.*]

19. On May 8, 2023, Defaulting Defendant Slobodan Radivojevic was served, a second time, a Summons and Complaint, with Civil Cover Sheet. [Dckt. No. 20]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before May 29, 2023.

20. On May 16, 2023, Proof of Service was filed with the Court. [*Id.*]

21. However, to date, Defaulting Defendants have not answered or otherwise responded to Plaintiff's Complaint and that time for Defaulting Defendants to do so has expired.

22. The action seeks judgment against the Defaulting Defendants for unpaid overtime wages; unpaid spread-of-hours pay; unpaid wages under New York State law for failure to pay timely wages; liquidated damages; statutory damages as a result of Defendant's failure to furnish accurate wage notice pursuant to the NYLL; pre- and post- judgment interest under the NYLL, and reasonable attorneys' fees and the cost and disbursements of this action.

Dated: New York, New York
      July 27, 2023                          Respectfully submitted,

                                             By: /s/ Jason Mizrahi
                                                    Jason Mizrahi
                                                    Levin-Epstein & Associates, P.C.
                                                   60 East 42nd Street, Suite 4700
                                                   New York, New York 10165
                                                   Tel: (212) 792-0048
                                                   Email: Jason@levinepstein.com
                                                   *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*