

Kevin S. Johnson, Esq
*President & Managing Attorney*
kjohnson@jlitlaw.com

Glenn R. Meyers, Esq.
*Of Counsel*
gmeyers@jlitlaw.com

Deborah R. Kick, Esq.
*Senior Associate*
dkick@jlitlaw.com

Tina Vaswani
*Office Manager*
tvaswani@jlitlaw.com

(Service & Mailing Address)
1 Linden Place, Suite 207
Great Neck, NY 11021

(By Appointment Only)
30 Vesey Street, 4th Floor
New York, NY 10007
(646) 590 - 0571

intake@jlitlaw.com
legal@jlitlaw.com
billing@jlitlaw.com

www.jlitlaw.com

October 10, 2023

**VIA ECF**
U.S. Magistrate Judge Taryn A. Merkl
US District Court - EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

      **RE**   *Aaron Hernandez, et al. v. Happy Street LLC, et al.*
            **Civil Case No. 1:22-cv-06918-DG-TAM**

## LETTER MOTION TO FILE LATE ANSWER

To Your Honor:

    This office represents Defendant Slobodan "Bob" Radivojevic in the above action. Counsel was retained over the weekend and filed his appearance prior to the filing of this letter. Counsel makes an application on the appearing Defendant's behalf for permission to file a late answer in this action.

    As the Cour is aware, Plaintiff alleges service on the Defendant on May 8, 2023 via service on an unknown co-worker of Defendant at the location of the Defendant Happy Street Too LLC and subsequent mailing to the same business address. See Dkt. No. 20. Without admitting actual service, that placed Defendant with a deadline of May 29, 2023 to file an answer or otherwise move against the Plaintiff's complaint.

    On September 7, 2023, the Clerk of Court docketed an entry of default against all Defendants, movant included. See Dkt. No. 27.

    In the first, Defendant, owner of the subject business, has been and was abroad during the time in which Plaintiff attempted and alleged made service on him at the business. Pointedly, when he returned to the US just over a week ago, he was for the first time informed of the pending lawsuit. Generally, Plaintiff has been acting as manager and employer at the subject business while Defendant was away; in this role, he has kept his own hours, requested issue of payments to himself and other employees, and was responsible for the daily managerial, executive, and administrative work at the restaurant (a pizzeria with less than 10 employees).

Defendant has a number of defenses on the merits. In the first, the Plaintiff is not covered under the individual or enterprise theories. Defendant Happy Street Too LLC, that ran the restaurant at the center of this case (Happy Street LLC no longer operates any businesses as the Columbus location is the last restaurant, operated by Happy Street Too LLC). In an effort at early resolution, Defendant disclosed tax returns for Happy Street Too LLC, which demonstrates that this company's gross revenue ranged from approximately $210,000 (2022) to $360,000 (2021) from the tax years 2019 – 2022. Additionally, Plaintiff may be disqualified under the administrative and executive exemptions under the relevant law.

The Second Circuit has routinely stated and reenforced a judicial preference for resolving an action on the merits and has thus "circumscribed [the] scope" of the discretion for the entry of default judgments. Enron Oil Corp. v. Diakuhura, 10 F.3d 90 (2d Cir. 1993), citing, Traguth v. Zuck, 710 F.2d 90 (2d Cir. 1982). The Court is reminded that in issuing defaults, an important and weighted factor in defaulting a party is that party's "willfulness" in allegedly defaulting. De Curtis v. Ferrandina, 529 App'x 85, 86 (2d Cir. 2013).

Defendant has showed a willingness to engage in early settlement discussions and has disclosed some documents in furtherance of that goal. No willfulness can be shown.

Taking the circumstances in toto, the facts and circumstances warrant the granting of Defendant's application. An analysis in this case must balance all relevant factors and no one fact applied in isolation. Info. Sys. and Networks Corp. v. United States, 994 F.2d 792, 796 (Fed. Cir. 1993). In the least, Defendant has shown that there is cognizable doubt that default should be granted, warranting denial of default and granting of this motion. Enron Oil, F. 3d at 96; State St. Bank & Trust Co. v. Inversiones Errazuriz Ltd., 374 F.3d 158, 168 (2d Cr. 2004).

Should the Court be so inclined to grant this request, the Defendant respectfully requests that he be allowed until October 20, 2023 to file his answer. Defendant, as mentioned, has engaged in preliminary settlement discussions and would like an opportunity for resolution without the need for further judicial intervention, if at all possible.

Counsel emailed Plaintiff's counsel regarding this application and possible early resolution at the time he filed his notice of appearance. At the time of filing this application, no response has been forthcoming (a copy shall be emailed to Plaintiff's counsel contemporaneously with this filing).

Movant and counsel thank the Court for its time and attention to this matter.

Respectfully submitted,

Kevin S. Johnon, Esq.

**CC VIA EMAIL/ECF**
Jason Mizrahi, Esq.
jason@levineepstein.com
Joshua Levin-Epstein, Esq.
joshua@levinepstein.com
*Attorneys for Plaintiff*