UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AARON HERNANDEZ, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                    Plaintiff,

-against-

HAPPY STREET LLC, HAPPY STREET TOO LLC, and SLOBODAN RADIVOJEVIC (a/k/a BOB RADIVOJEVIC),

                    Defendants.
-----------------------------------------------------------------X

Case No. 1:22-cv-06918-DG-TAM

**ANSWER**

    Defendant, **SLOBODAN RADIVOJEVIC (a/k/a BOB RADIVOJEVIC)**, by and through his attorneys, **JOHNSON LITIGATION GROUP, P.C.**, and the undersigned, as and for their Answer to the Complaint of Plaintiff, **AARON HERNANDEZ**, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*, do allege the following:

## NATURE OF THE ACTION

1. Defendant, SLOBODAN RADIVOJEVIC (a/k/a BOB RADIVOJEVIC) (hereinafter, Defendant "S.R.") admit the allegations contained in Paragraph 1 of the Complaint in so much as Plaintiff pleads as such, except to deny allegations of Defendants' violations of Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (hereinafter, the "FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law (hereinafter, the "NYLL").

2. Defendant S.R. admits the allegations contained in Paragraph 1 of the Complaint in so much as Plaintiff pleads as such.

## JURISDICTION AND VENUE

3. Defendant, S.R. admits the allegations contained in Paragraphs 3, 4, and 5 of the Complaint, insomuch as the Plaintiffs plead as such.

## PARTIES

### PLAINTIFF AARON HERNANDEZ

4. Defendant S.R. denies knowledge and information sufficient to form a belief as the allegations contained in Paragraphs 4 of the Complaint.

5. Defendant S.R. denies the allegations contained in Paragraph 7, 8, and 9 of the Complaint.

6. Defendant S.R. admits the allegations contained in Paragraph 10 of the Complaint, while specifically denying that Plaintiff is covered individually or under the enterprise standard.

7. Defendant S.R. denies the allegations contained in Paragraph 11 of the Complaint.

### DEFENDANT HAPPY STREET LLC

8. Defendant S.R. denies the allegations contained in Paragraph 12 of the Complaint, while specifically denying that Plaintiff is covered individually or under the enterprise standard.

9. Defendant S.R. denies the allegations contained in Paragraphs 13 and 14 of the Complaint.

10. Defendants S.R. admits the allegations contained in Paragraph 15 of the Complaint, , while specifically denying that Defendant Happy Street LLC (hereinafter, Defendant "Happy Street") is still in operation and conducts business.

11. Defendant S.R. denies knowledge and information sufficient to form a belief as the allegations contained in Paragraphs 16 and 17 of the Complaint.

### DEFENDANT HAPPY STREET TOO LLC

12. Defendant S.R. admits the allegations contained in Paragraph 18 of the Complaint, while specifically denying that Plaintiff is covered individually or under the enterprise standard.

13. Defendant S.R. denies the allegations contained in Paragraphs 19 and 20 of the Complaint.

14. Defendant S.R. admits the allegations contained in Paragraph 21 of the Complaint

15. Defendant S.R. denies the allegations contained in Paragraphs 22 and 23 of the Complaint.

**DEFENDANT SLOBODAN RADIVOJEVIC (A/K/A BOB RADIVOJEVIC)**

16.     Defendant S.R. admits the allegations contained in Paragraph 24 of the Complaint, while specifically denying that Plaintiff is covered individually or under the enterprise standard.

17.     Defendant S.R. admits the allegations contained in Paragraph 25 of the Complaint.

18.     Defendant S.R. admits the allegations contained in Paragraphs 26 and 27 of the Complaint, while specifically denying that Plaintiff is covered individually or under the enterprise standard.

19.     Defendant S.R. admits the allegations contained in Paragraph 28 of the Complaint.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

20.     Defendant S.R. denies the allegations contained in Paragraph 29 of the Complaint.

21.     Defendant S.R. admits the allegations contained in Paragraph 30 of the Complaint.

22.     Defendant S.R. denies the allegations contained in Paragraphs 31, 32, 33, 34, 35, and 35(a) – 35(h), of the Complaint.

23.     Defendants admit the allegations contained in Paragraph 36 of the Complaint.

24.     Defendant S.R. denies the allegations contained in 37 of the Complaint.

**FACTUAL ALLEGATIONS**

25.     Defendant S.R. admits the allegations contained in Paragraphs 38 and 39 of the Complaint, insomuch as the Plaintiff and other similarly situated individuals plead as such, while specifically denying that Plaintiff and other similarly situated individuals are covered individually or under the enterprise standard.

26.     Defendant S.R. admits the allegations contained in Paragraphs 40 and 41 of the Complaint.

27.     Defendant S.R. denies the allegations contained in Paragraph 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, and 52 of the Complaint.

28.     Defendant S.R. denies knowledge and information sufficient to form a belief as the allegations contained in Paragraph 53 of the Complaint.

29. Defendant S.R. denies the allegations contained in Paragraphs 54, 55, 56, and 57 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. The allegations contained in Paragraph 58 of the Complaint are such that no response is required of the Defendants.

31. Defendant S.R. admits the allegations contained in Paragraph 59 of the Complaint, insomuch as the Plaintiffs plead as such, while specifically denying that Plaintiff(s) is covered individually or under the enterprise standard, and denying that Plaintiff(s) were not paid for all hours worked.

32. The allegations contained in Paragraphs 60 and 61 of the Complaint are such that no response is required of Defendant S.R..

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ *et seq.*)

33. The allegations contained in Paragraph 62 of the Complaint are such that no response is required of Defendant S.R..

34. Defendant S.R. denies the allegations contained in Paragraph 63 of the Complaint.

35. Defendant S.R. admits the allegations contained in Paragraph 64 of the Complaint, insomuch as the Plaintiffs plead as such, while specifically denying that Plaintiff(s) is covered individually or under the enterprise standard.

36. Defendant S.R. denies the allegations contained in Paragraphs 65, 66, and 67 of the Complaint.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

37. The allegations contained in Paragraph 68 of the Complaint are such that no response is required of Defendant S.R..

38. Defendant S.R. denies the allegations contained in Paragraph 69 of the Complaint.

39. Defendant S.R. admits the allegations contained in Paragraph 70 of the Complaint, insomuch as the Plaintiffs plead as such, while specifically denying that Defendants failed to properly compensate the Plaintiff(s) under the alleged applicable NYLL provisions and New York Department of Labor (hereinafter, "NYDOL") regulations.

40. Defendant S.R. denies the allegations contained in Paragraphs 71, 72, and 73 of the Complaint.

## THIRD CLAIM
### (NYLL – Spread-of-Hours Pay)

41. The allegations contained in Paragraph 74 of the Complaint are such that no response is required of Defendant S.R..

42. Defendant S.R. denies the allegations contained in Paragraphs 75, 76, and 77 of the Complaint.

## FOURTH CLAIM
### (NYLL WTPA – Failure to Provide Wage Notices)

43. The allegations contained in Paragraph 78 of the Complaint are such that no response is required of Defendant S.R..

44. Defendant S.R. admits the allegations contained in Paragraph 79 of the Complaint, insomuch as the Plaintiffs plead as such, while specifically denying that Defendants failed to provide all employees, at the time of hire, written notices of wage rates.

45. Defendant S.R. denies the allegations contained in Paragraphs 80 and 81 of the Complaint.

## FIFTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

46. The allegations contained in Paragraph 82 of the Complaint are such that no response is required of Defendant S.R..

47. Defendant S.R. denies the allegations contained in Paragraphs 83 and 84 of the Complaint.

## DEMAND FOR A JURY TRIAL

48. Defendant S.R., pursuant to the FRCP, demands a trial by jury on all claims in this action.

**AFFIRMATIVE DEFENSES**

49. Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant SLOBODAN RADIVOJEVIC (a/k/a BOB RADIVOJEVIC), Defendants SLOBODAN RADIVOJEVIC (a/k/a BOB RADIVOJEVIC) assert the following defenses and reserve the right to amend and add further defenses.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

50. Plaintiffs fail to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

51. Plaintiffs' Complaint should be dismissed, in whole or in part, to the extent it is barred by the applicable statute of limitations or the failure to exhaust administrative remedies.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

52. Plaintiffs' claims are barred or should be reduced, in whole or in part, due to Plaintiffs' failure to use such means as are reasonable under the circumstances to avoid or minimize the damages that they allege, mitigate the alleged damages, or avail themselves of preventative or remedial measures.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

53. Plaintiffs' claims may be barred to the extent the Plaintiffs knowingly and intentionally did not complain of any alleged wage and hour violations to Defendants in bad faith to purposefully precipitate a claim.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

54. Plaintiffs' claim for damages are barred or limited by Defendants' good faith efforts to comply with applicable law under the Portal-to-Portal Act, and Plaintiff's Complaint cannot establish willful violation of the FLSA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor, Defendants cannot be liable for relief or recovery.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

56. Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law.

## AS AND FOR EIGHTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims are barred, in whole or in part, under the doctrine of waiver.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58. Plaintiffs' claims, or the claims of the proposed class or collective, are barred, in whole or in part, under the doctrine of payment as Defendants have already tendered some or all of the payments claimed to be owed.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

59. Plaintiffs' claims are barred, in whole or in part, under the Doctrine of Avoidable Consequences or Ellerth/Faragher Defense.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

60. Plaintiffs' claims, or the claims of the proposed class or collective, are in whole or in part *de minimis*.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

61. To the extent that a Jury finds any liability, such liability is offset to Individual Defendants by other defendants not yet named in this lawsuit.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

62. Plaintiffs' claims are barred, in whole or in part, under the doctrine of laches.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

63. Plaintiffs' claims are barred, in whole or in part, under the doctrine of estoppel.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

64. Plaintiffs' claims are barred, in whole or in part, under the doctrine of ratification.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

65. Plaintiffs' claims are barred, in whole or in part, under the doctrine of acquiescence.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

66. Plaintiffs' claims are barred, in whole or in part, under the doctrine of unclean hands.

**WHEREFORE**, for the foregoing reasons, Defendants **SLOBODAN RADIVOJEVIC (a/k/a BOB RADIVOJEVIC)** respectfully request that the Judgment be granted in favor of Defendant SLOBODAN RADIVOJEVIC (a/k/a BOB RADIVOJEVIC), dismissing the Complaint with Prejudice, awarding costs and fees to Defendant SLOBODAN RADIVOJEVIC (a/k/a BOB RADIVOJEVIC), and for such other and further relief as the Court may deem just and proper.

Dated: Great Neck, New York
       October 27, 2023                    Yours etc.,

                                           **JOHNSON LITIGATION GROUP, P.C.**

                                           /s/ ***Deborah R. Kick***
                                           By: **DEBORAH R. KICK, ESQ.**
                                           *Attorneys for Defendant*
                                           **SLOBODAN RADIVOJEVIC**
                                           **(a/k/a BOB RADIVOJEVIC)**
                                           1 Linden Place, Suite 207
                                           Great Neck, New York 11021
                                           T.  (646) 590 – 0571
                                           dkick@jlitlaw.com