

# JOHNSON LITIGATION GROUP, PC.

1 Linden Place, Suite 207, Great Neck, NY 11021
WWW.JLITLAW.COM

Deborah R. Kick, Senior Associate　　　　　　　　　　　　　　　　O: 646.590.0571
dkick@jlitlaw.com　　　　　　　　　　　　　　　　　　　　　　　F: 646.493.913

October 27, 2023

**VIA ECF**
The Honorable Taryn A. Merkl, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:　　　**Hernandez v. Happy Street LLC et al**
C.A. No.:　　**1:22-cv-06918-DG-TAM**

**MOTION FOR EXTENSION OF TIME TO FILE ANSWER/
ANSWER TO NOT BE STRICKEN FROM THE DOCKET**

To Your Honor:

　　This office represents Defendant SLOBODAN RADIVOJEVIC (a/k/a BOB RADIVOJEVIC) (hereinafter, "Defendant S.R.") in this action. This letter motion is respectfully submitted in addition to Defendant's response to the Court's Orders of October 16, 2023. See Dkt. No. 31; see also Dkt. No. 29, 30. The Court directed counsel for Defendant S.R. to "answer, move, or otherwise respond to the Complaint" on or before October 20, 2023. See Dkt. No. 31. The undersigned now submits this letter motion, pursuant to Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993), as to why Defendants should be permitted to file a late answer, and/or why Defendant S.R.'s Answer filed October 27, 2023 (Dkt. No. 33) should not be stricken from the record.

　　First and foremost, counsel must apologize to the Court for the failure to file the Answer as per the Court's unambiguous deadlines. This office, the undersigned, and other attorney, at the time the Answer was due for S.R., had difficulties maintaining the appropriate level of support staff due to seasonal illness(es), COVID, and allergies. Our secretary at the time did not enter the date when the Court ordered the Answer to be filed. This office takes the Court's Orders with due seriousness and gravity and will act in all respects in a timely manner going forward.

　　As the Court is aware, the Second Circuit has routinely stated and reinforced a judicial preference for resolving an action on the merits and has thus "circumscribed [the] scope" of the discretion for the entry of default judgments. See Enron Oil Corp v. Diakuhura, 10 F.3d 90 (2d Cir. 1993) (citing Traguth v. Zuck, 710 F.2d 90 (2d Cir. 1982)).



# JOHNSON LITIGATION GROUP, PC.
1 Linden Place, Suite 207, Great Neck, NY 11021
WWW.JLITLAW.COM

Deborah R. Kick, Senior Associate                                                    O: 646.590.0571
DKICK@JLITLAW.COM                                                                        F: 646.493.913

      At the outset, the current delay in filing the Answer is evidence of and support for a finding that Defendants were not willful whereas here, the failure to file was one of law office failures. See American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.2d 57 (2d Cir. 1996). No bad faith can be found in this instance. Willfulness is the factor that "carries the most weight." See De Curtis v. Ferrandina, 529 App'x 85, 86 (2d Cir. 2013).

      As to the other factor under Enron, Plaintiff cannot claim any prejudice, or such claims would be asserted without merit. The Answer will be received by the Plaintiffs approximately two (2) weeks in advance of the Case Management Worksheet due to be submitted jointly by the parties on November 9, 2023, and approximately three (3) weeks prior to the telephonic Initial Conference currently scheduled for 10:30a.m on November 16, 2023. As such, the parties have ample opportunity to confer on a potential discovery schedule and motion schedule.

      If the Plaintiffs accept the late Answer, the short delay here present should not be deemed prejudicial. "A party is prejudiced when its 'ability to proceed [with its] case is impaired.'" See American Empire Surplus Lines Insurance Company v. Concord Restoration, Inc., 2021 WL 7830142 (EDNY July 28, 2021) (internal citations omitted).

      In the time before and since Defendant S.R. filed his Answer, the undersigned contacted Plaintiffs' counsel on numerous occasions to engage in good faith settlement discussions. To date, Plaintiffs' counsel is not receptive to those discussions.

      As these factors are to be balanced and not applied in isolation, Defendants S.R. and counsel request time to further brief the issue and file their Answer. See Info. Sys. and Networks Corp. v. United States, 994 F.2d 792, 796 (Fed. Cir. 1993). As seen above, Defendant is likely to make the requisite showings and may likely created doubt as to whether the default should be granted, warranting its denial. See Enron Oil, F.3d at 96; see also State St. Bank & Trust Co. v. Inversiones Errazuriz Ltd., 374 F.3d 158, 168 (2d Cir. 2004).

      It is respectfully requested that the Court allow Defendant S.R.'s late Answer to be accepted as timely in this action.

      Defendant S.R. and his counsel thank the Court, Your Honor, Your Honor's staff, and opposing counsel for its time and consideration in this matter.

                                    [SIGNATURE TO FOLLOW ON THE NEXT PAGE]



# JOHNSON LITIGATION GROUP, PC.

1 Linden Place, Suite 207, Great Neck, NY 11021
WWW.JLITLAW.COM

Deborah R. Kick, Senior Associate　　　　　　　　　　　　　　　　O: 646.590.0571
DKICK@JLITLAW.COM　　　　　　　　　　　　　　　　　　　　　　F: 646.493.913

　　　　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　　　　/s/ **_Deborah R. Kick_**
　　　　　　　　　　　　　　　　　　　　　　Deborah R. Kick, Esq.

**CC:** (via ECF)
**JOSHUA LEVIN-EPSTEIN, ESQ.**
**JASON MIZRAHI, ESQ.**
*Attorneys for Plaintiff*
60 East 42nd Street, Suite 4700
New York, New York 10165