Kevin S. Johnson, Esq.
Johnson Litigation Group, P.C.
*Attorneys for Defendant*
*Slobodan Radivojevic (a/k/a Bob Radivojevic)*
1 Linden Place, Suite 207
Great Neck, NY 11021
kjohnson@jlitlaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
AARON HERNANDEZ, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*    **Case No. 1:22-cv-06918-DG-TAM**

                              Plaintiff,

   -against-

HAPPY STREET LLC, HAPPY STREET TOO LLC, and SLOBODAN RADIVOJEVIC (a/k/a BOB RADIVOJEVIC).

                              Defendants.
-------------------------------------------------------------------------X

**AMENDED DECLARATION OF COUNSEL, KEVIN S. JOHNSON, ESQ.**
**IN SUPPORT OF**
**DEFENDANT RADIVOJEVIC'S MOTION TO RELIEVE COUNSEL**
**& A 90-DAY STAY OF THE PROCEEDINGS**

KEVIN S. JOHNSON, ESQ., an attorney duly admitted to practice law in the State of New York and before the U.S. District Courts for the Eastern and Southern Districts of New York, does affirm the truth of the following, under penalty of perjury:

1. I am President & Managing Attorney at Johnson Litigation Group, P.C., current counsel for Defendant Slobodan Radivojevic (a/k/a Bob Radivojevic) and base the following on the files kept by this office and its staff and conference and consultation with the movant Defendant.

2. I make this declaration in support of Defendant's motion to relieve the undersigned and all appearing attorneys at Johnson Litigation Group, P.C. of their representation of Mr. Radivojevic and for a 90-day stay so that he may find alternative counsel.

3. **This office shall not seek a retaining lien or file lien of any kind against the Defendant.**

4. The undersigned was retained by movant on or about October 10, 2023, subject to a written retainer executed by this office and movant Defendant and filed a notice of appearance on the same day (Dkt. No. 28).

5. Thereafter, counsel filed a motion, by letter, for an extension of time to file an answer (Dkt. No. 29). Ultimately, an Answer was filed (Dkt. No. 33) and accepted by the Court *nunc pro tunc* by Order on October 27, 2023.

6. From the outset of the office's representation, it was clear that movant Defendant, owner of the pizza restaurant at which Plaintiff was employed and currently brings action, was in a trough regarding revenue for the business and himself, personally.

7. In fact, as plead in his Answer, the business did not qualify under the enterprise element of the Fair Labor Standards Act (FLSA). As observed by counsel, via disclosure of tax records, the Defendants gross revenue failed to reach the $500,000.00 threshold in any year from 2016 to the most recently filed tax returns for 2022. Defendants ranged from $250,000.00 to $360,000.00 each of those aforementioned tax years.

8. After much consultation and consternation on his part, movant Defendant requested via email communication on November 30, 2023, that this office withdraw as counsel. His request was based upon his current financial situation, which does not provide him with the funds for any potential settlement (based upon the demands of Plaintiff) or, for that matter, for the attorneys' fees this offer would incur, not only for the duration of this

2

action, but even in the process of any dispositive motions that could be filed in good faith on his behalf.

9. After taking the weekend for a final consideration of his options, movant Defendant then reiterated his insistence that this office make the within motion, cease working on his case (thus being unable to comply with the Court's orders and directives), and request that the Court grant him a stay of 90-days, so that he has sufficient time to explore any more affordable options for counsel or for bankruptcy counsel, as well.

10. Local Civil Rule 1.4 provides that:

    An attorney who has appeared ass attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by the order. . . only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar. See Local Civil Rule 1.4 of the Local Civil Rules of the U.S. District Courts for the Southern and Eastern Districts of N.Y.

11. The "non-payment" or, in this action, the anticipated inability to pay counsel's legal fees, though not solely sufficient, when combined with other facts and circumstances, where it becomes "unreasonably difficult for the firm to carry out its responsibilities, then the motion should be granted." Kiernan v. Kiernan, 233 A.D.2d 867, 868 (4th Dep't 1996) (string sites omitted for brevity).

12. Regarding the request for a stay, a form of relief inherent in the fundamental powers of the Court, and the granting of such order is an appropriate exercise of the Court's discretion, being weighed against the competing interests of litigation and a balance of economy in the disposition of action. Landis v. N. Am. Co., 299 U.S. 248, 254-255 (1936), citing also Kansas City S. Ry. Co. v. United States, 282 U.S. 760, 763 (1931).

WHEREFORE, counsel for movant Defendant, Johnson Litigation Group, P.C., and Defendant himself respectfully request the Court grant the within motion and for such other and further relief as the Court may deem just and proper.

Dated: Great Neck, New York
       December 20, 2023

JOHNSON LITIGATION GROUP, P.C.

By: Kevin S. Johnson, Esq.
*Attorneys for Plaintiff*
1 Linden Place, Suite 207
Great Neck, NY 11021
O: (646) 590 – 0571
C: (929) 801 – 0505
johnson@jlitlaw.com

**TO VIA EMAIL and/or ECF**

Slobodan "Bob" Radivojevic
*Defendant*
bobe233@hotmail.com

Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
*Attorneys for Plaintiff*
jason@levinepstein.com
joshua@levinepstein.com

4