# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

March 22, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Diane Gujarati, U.S.D.J.
225 Cadman Plaza East
Courtroom 4B South
Brooklyn, NY 11201-1804

    *Re*:  Hernandez v. Happy Street LLC, *et al.*
       <u>Case No.: 1:22-cv-6918 (DG) (TAM)</u>

Dear Judge Gujarati:

  This firm represents the Defendants in this case, who respectfully submit this letter motion in accordance with ¶ III(A) of this Court's Individual Practice Rules (hereinafter the "Individual Rules") to respectfully request a pre-motion conference in anticipation of Defendants' motion for judgment on the pleadings to dismiss Plaintiff's Complaint ("<u>Compl.</u>"), ECF Docket Entry <u>1</u>, for failure to state a claim upon which relief can be granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). Defendants provide the basis of their anticipated motion below.

### Relevant Background

  On November 13, 2022, Plaintiff Aaron Hernandez (hereinafter "Hernandez" or the "Plaintiff") filed the instant complaint in this case. <u>See</u> ECF Docket Entry <u>1</u>. The complaint asserts causes of action under: (i) the Fair Labor Standards Act ("FLSA") for failure to pay overtime; (ii) New York Labor Law ("NYLL") for failure to pay overtime; (iii) NYLL for spread-of-hours compensation; and (iv) NYLL for recordkeeping violations concerning wage statements and notice of pay rate and pay day. <u>See</u> <u>Id.</u> at ¶¶ 62-84.

### This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim

  Plaintiff alleges that he was a "pizzaman" and "general worker" for three (3) separate pizzerias allegedly jointly owned by the Defendants, with one such pizzeria in Florida. <u>See</u> <u>Compl.</u> at ¶¶ 6, 40-44. He alleges that he was generally paid on an hourly basis, regularly worked in excess of forty (40) hours per week by providing an approximation of the hours he worked without overtime compensation, and never received an "overtime premium of one and one-half times his regular rate of pay for those hours." <u>See</u> <u>Id.</u> at ¶¶ 42-52.

  However, these claims are made without any factual details in support. The complaint fails to allege *how much* Plaintiff was paid in a given week, other than several allegations that he was generally paid anywhere from $12.00 to $16.00 per hour, with no allegation as to how many hours he worked in any such week, in order to permit one to calculate any alleged underpayment and determine whether Plaintiff's complaint states a claim for relief under the FLSA. <u>Id.</u> at ¶¶ 42-49, 52. As set forth below, this is wholly insufficient to state a claim under the FLSA.

Hon. Diane Gujarati, U.S.D.J.
March 22, 2024
P a g e | **2**

**Legal Standard**

The standard for ruling on a Rule 12(c) motion is virtually identical to the standard under Rule12(b)(6). See Hayden v. Paterson, 594 F.3d 150, 157 n.4 (2d Cir. 2010); see also George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977). Thus, in considering this motion for judgment on the pleadings, the Court accepts as true all of the well-pleaded facts alleged in the Complaint. Id. at 553; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (complaint must set forth factual allegations that are "enough to raise a right to relief above the speculative level"). The Court should dismiss the Complaint if it appears beyond doubt that Plaintiff can prove no plausible set of facts to support her claims which would entitle her to relief. See Twombly, 550 U.S. at 555.

The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." See Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

**This Court Should Grant Judgment on the Pleadings to Dismiss the Complaint**

Here, Plaintiff fails to remotely meet the plausibility standard required to state a claim for his causes of action under the FLSA for overtime. He fails to identify a single week in which he worked in excess of forty (40) hours and was not compensated for that time. Accordingly, Plaintiff's FLSA overtime claim must be dismissed for failure to state a claim. For the same reason, Plaintiffs may not conditionally certify a collective action because they have failed to establish any violation of the FLSA.

Further, the claims against the individual defendant must be dismissed because the complaint only alleges that they had operational control, without more. This is not enough to state a claim against an individual as an employer. See Inclan v. New York Hosp. Group, Inc., 95 F Supp 3d 490, 507 (S.D.N.Y. 2015) (setting forth factors to consider to determine individual liability under the FLSA). In addition, the joint employer allegations are not sufficiently pled. Finally, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

Hon. Diane Gujarati, U.S.D.J.
March 22, 2024
P a g e | **3**

      Accordingly, Defendants' letter motion for a pre-motion conference should be granted. Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
        March 22, 2024                Respectfully submitted,

                                          **SAGE LEGAL LLC**

                                          By:  */s/ Emanuel Kataev, Esq.*
                                          Emanuel Kataev, Esq.
                                          18211 Jamaica Avenue
                                          Jamaica, NY 11423-2327
                                          (718) 412-2421 (office)
                                          (917) 807-7819 (cellular)
                                          (718) 489-4155 (facsimile)
                                          emanuel@sagelegal.nyc

                                          *Attorneys for Defendants*
                                          *Happy Street LLC,*
                                          *Happy Street Too LLC, and*
                                          *Slobodan Radivojevic a/k/a Bob Radivojevic*

**VIA ECF**
Levin-Epstein & Associates, P.C.
<u>Attn</u>: Joshua Levin-Epstein & Jason Mizrahi, Esqs.
60 East 42nd Street, Suite 4700
New York, NY 10165
(212) 792-0048 (office)
jason@levineepstein.com
joshua@levinepstein.com

*Attorneys for Plaintiff*
*Aaron Hernandez*