# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165

T: 212.792-0048 • E: Jason@levinepstein.com

April 10, 2024

*Via ECF*
The Hon. Diane Gujarati, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Hernandez v. Happy Street LLC et al*
           **Case No.: 1:22-cv-06918-DG-TAM**

Dear Honorable Judge Gujarati:

    This law firm represents Plaintiff Aaron Hernandez (the "Plaintiff") in the above-referenced matter.

    Pursuant to Your Honor's Individual Practices Rules, this letter respectfully serves to respond to the pre-motion conference letter filed by Defendants Happy Street LLC, Happy Street Too LLC (together, the "Corporate Defendants") and Slobodan Radivojevic a/k/a Bob Radivojevic (the "Individual Defendant", and collectively, the "Defendants") on March 22, 2024 [Dckt. No. 47] (the "Pre-Motion Conference Letter").[1]

    As set forth more fully below, Defendants' contemplated motion to dismiss is doomed to fail given that it seeks to overturn a legion of case law in this Circuit, requiring the completion of discovery before issues of disputed fact can be decided. *See, e.g., Sherman v. City of New York,* 2019 WL 2164081, at *10 (E.D.N.Y. 2019) (denying motion to dismiss under 12(b)(6) as premature, where no discovery had commenced); *Burke v. Dowling*, 944 F. Supp. 1036, 1054 (E.D.N.Y. 1995) (same) ("plaintiffs are entitled to discovery on their claims so long as they have pleaded some minimal factual basis which would entitle them to relief.")

    Defendants' requested relief results in the needless incurrence of attorneys' fees that are far better used in resolving a case where Plaintiff has made substantive claims for underpayment. This is especially true, given Defendants have not – and cannot – deny Plaintiff's underlying assertion that Defendants' maintained an illegal business practice of failing to pay legally required overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and Articles 6 and 19 of the New York State Labor Law ("NYLL").

    **I.**    **Relevant Factual Background**

    This is an action under the FLSA and NYLL brought by an individual against his former employers for violations of federal and state wage-and-hour laws.

    Defendants own and operate three (3) restaurants located at: (i) 924 Columbus Avenue,

---

[1] The undersigned counsel respectfully wishes to apologize to the Court for the slight delay in the filing of the instant letter.

New York, NY 10025 ("Pie Pie Pizza"); (ii) 2127 Amsterdam Avenue, New York, NY 10032 ("Luigi's Pizza"); and (iii) 7308 Collins Avenue, Miami Beach, FL 33141 ("Collins Pizza", and collectively, "Defendants' Restaurants").

As alleged in the Complaint, Plaintiff worked at Defendants' Restaurants, as follows:

| Start | End | Avg. Hours per Week | Reg. Rate of Pay | OT Rate of Pay |
|---|---|---|---|---|
| 11/13/2016 | 12/31/2016 | 65.0 | $14.00 | $14.00 |
| 1/1/2017 | 12/31/2017 | 65.0 | $15.00 | $15.00 |
| 1/1/2018 | 12/31/2018 | 62.0 | $16.00 | $16.00 |
| 1/1/2019 | 12/31/2019 | 62.0 | $16.00 | $16.00 |
| 4/1/2020 | 6/23/2020 | 62.0 | $16.00 | $16.00 |
| 6/24/2020 | 6/30/2020 | 66.0 | $0.00 | $0.00 |

The Complaint asserts five (5) Causes of Action against Defendants.

FIRST:   Unpaid overtime wages under the FLSA;

SECOND:   Unpaid overtime wages under the NYLL;

THIRD:   Unpaid spread-of-hours under the NYLL;

FOURTH:   Failure to provide wage notices under the NYLL and Wage Theft Prevention Act; and

FIFTH:   Failure to provide wage statements under the NYLL and Wage Theft Prevention Act.

## II.   The Pre-Motion Conference Letter

Defendants' Pre-Motion Conference Letter seeks the dismissal of the Complaint on the basis that: (i) Plaintiff did not state a cognizable FLSA overtime claim under the FLSA; and (ii) the Individual Defendant was not Plaintiff's "employer" under the FLSA.

As set forth more fully below, Defendants' contemplated motion to dismiss is doomed to fail, and will result in the needless incurrence of attorneys' fees.

## III.   Legal Analysis

### A.   Legal Standard – the *Lundy* Pleading Standard

The FLSA requires that an employee who works "in excess of" 40 hours per week be compensated for such excess hours at an overtime rate, meaning "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). The Second Circuit has held that "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40

hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Is. Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (hereinafter referred to as the "*Lundy* pleading standard").

### B. Legal Standard – Employer Liability Under the FLSA and NYLL

Individual liability under the FLSA and NYLL extends only to persons who are found to be a plaintiff's employer, *i.e.*, a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This determination is "grounded in economic reality rather than technical concepts, determined by reference not to isolated factors, but rather upon the circumstances of the whole activity." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (internal quotations omitted). Courts in this Circuit consider a number of factors to determine individual liability, including whether the individual "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter*, 735 F.2d at 12; *see also Lin v. Comprehensive Health Mgmt.*, 2009 WL 976835, at *2 (S.D.N.Y. 2009) (stating that the "same analysis" applies when evaluating alleged employer-employee relationships under the FLSA and NYLL). Courts also examine the scope of the individual's "operational control" over "employment-related factors such as workplace conditions and operations, personnel, or compensation" as well as the individual's "potential power" over employees. *Irizarry v. Catsimatidis*, 722 F.3d 99, 106-12 (2d Cir. 2013).

### IV. Analysis

### A. Plainitff Has Stated a Claim for Relief for Unpaid Overtime Under the FLSA

As alleged in the Complaint, Plaintiff worked at Defendants' Restaurants, as follows:

| Start | End | Avg. Hours per Week | Reg. Rate of Pay | OT Rate of Pay |
|---|---|---|---|---|
| 11/13/2016 | 12/31/2016 | 65.0[2] | $14.00 | $14.00 |
| 1/1/2017 | 12/31/2017 | 65.0 | $15.00 | $15.00 |
| 1/1/2018 | 12/31/2018 | 62.0[3] | $16.00 | $16.00 |
| 1/1/2019 | 12/31/2019 | 62.0 | $16.00 | $16.00 |
| 4/1/2020 | 6/23/2020 | 62.0 | $16.00 | $16.00 |
| 6/24/2020 | 6/30/2020 | 66.0[4] | $0.00 | $0.00 |

---

[2] From approximately January 2014 through and including December 2017, Plaintiff worked as a pizzaman at "Pie Pie Pizza", six (6) to seven (7) days per week as follows: from approximately 10:00 a.m. to 8:00 p.m. (*i.e.,* 10 hours per day), for a total period of approximately 60 to 70 hours during each of the weeks, respectively. [*Compl.* at ¶ 42].

[3] From approximately January 2018 through and including December 2019, Plaintiff worked as a pizzaman at "Luigi's Pizza", six (6) days per week as follows: five (5) days per week from approximately 10:00 a.m. to 8:00 p.m. (*i.e.*, 10 hours per day), and one (1) day per week from approximately 10:00 a.m. to 10:00 p.m. (*i.e.*, 12 hours per day) for a total period of approximately 62 hours during each of the weeks, respectively. [*Id.* at ¶ 43].

[4] From approximately April 2020 through and including June 2020, Plaintiff worked as a pizzaman at "Collins Pizza", six (6) days per week as follows: from approximately 10:00 a.m. to 8:00 p.m. or 10:00 p.m. (*i.e.*, 10 or 12 hours per day) for a total period of approximately 60 to 72 hours during each of the weeks, respectively.

Defendants have not – and can not – seriously dispute Plaintiff's well-plead allegations that he consistently worked "in excess of" 40 hours per week, and that he was paid his regular hourly rate, for all hours worked. [*Compl.* at ¶¶ 42-49]. *See Lundy* 711 F.3d at 114.

### B. The Individual Defendant was Plaintiff's Employer

Defendants' Pre-Motion Conference Letter misrepresents that "the [C]omplaint only alleges that [the Individual Defendant] had operational control, without more." [Dckt. No. 47 at p. 2]. Defendants are clearly wrong.

The Complaint alleges that the Individual Defendant:

1. Determined Plaintiff's wages and compensation. [*Compl.* at ¶ 27].

2. Established Plaintiff's schedule. [*Id.*].

3. Maintained Plaintiff's records. [*Id.*].

4. Had the authority to hire and fire Plaintiff. [*Id.*].

5. Possessed operational control over the Corporate Defendants [*Id.* at ¶ 26].

These allegations are sufficient to meet the "economic reality" test under *Carter*. 735 F.2d at 12. These factors are also sufficient to establish the Individual Defendant's "operational control" over Defendants' Restaurants. *Irizarry*, 722 F.3d at 106-12. Plaintiff's allegations are also consistent with publicly available evidence that the Individual Defendant owns and operates the Corporate Defendants.[5]

### C. Multiple District Courts Have Upheld the Sufficiency of Nearly Identical Pleadings

The well-pleaded allegations in the Complaint are nearly identical to those in at least four (4) other complaints filed within the last year in this District, and in the Southern District of New York. Each of these Courts have concluded that the plaintiffs' allegations constitute violations of the overtime provisions of the FLSA and NYLL. *See Sims v. Crown Waste Corp.*, 2023 WL 363070, at *1 (E.D.N.Y. 2023) (noting the sufficiency of plaintiff's FLSA claims, at the pleadings stage) (citing 29 U.S.C. §§ 206(a), 207(a)(1), 255(a); *Guerrero v. Danny's Furniture Inc.*, 2021 WL 4155124, at *1 (S.D.N.Y. 2021)); *Christian v. MH Plumbing & Mechanical Corp. et al*, Case No.: 22-cv-04774, Dckt. No. 21 at **1-2 (E.D.N.Y. 2023) ("Here [the allegations in the complaint establish the defendants' liability as a matter of law]."); *Kim v. Superior Cafe Corp.*, 2022 WL 481725 (S.D.N.Y. 2022) (memorandum decision and order adopting inquest on damages, finding, *inter alia,* foundational elements of the FLSA and NYLL); *Persaud et al v. Adirondacks Protection Services, LLC*, *et al*, Case No.: 22-cv-04774, Dckt. No. 38 (S.D.N.Y 2022). Thus, Plaintiff sufficiently alleges the foundational allegations of liability, under the FLSA and NYLL.

---

[5] A true and correct copy of Plaintiff's research on the Individual Defendant's ownership and interests in the Corporate Defendants, is annexed hereto as Exhibit "A".

### V. Conclusion

Defendants' contemplated motion to dismiss is a tremendous waste of time, and resources.

At bottom, Defendants do not – and cannot – seriously dispute the central allegation that, for over six (6) years, Plaintiff was paid a regular hourly rate, for all hours worked.

Defendants stand to gain nothing by engaging in costly, piecemeal litigation.

Thank you, in advance, for your time and attention to this matter.

                                                  Respectfully submitted,

                                                  LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                          By: */s/ Jason Mizrahi*
                                                Jason Mizrahi
                                                60 East 42nd Street, Suite 4700
                                                New York, NY 10165
                                                Tel. No.: (212) 792-0048
                                                Email: Jason@levinepstein.com
                                                *Attorneys for Plaintiff*

VIA ECF: All Counsel