# Sage Legal LLC
**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

December 26, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Taryn A. Merkl, U.S.M.J.
225 Cadman Plaza East
Courtroom 13D South
Brooklyn, NY 11201-1804

   *Re:* **Hernandez v. Happy Street LLC,** *et al.*
     <u>**Case No.: 1:22-cv-6918 (DG) (TAM)**</u>

Dear Judge Merkl:

  This firm represents the Defendants in this case, who respectfully submit this letter in accordance with this Court's Orders. <u>See</u> Text Only Orders dated December 9, 13, and 23.

  The parties have largely complied with the scheduling Order in this straightforward wage-and-hour case. While Defendants agree that expert discovery is unnecessary, and that the parties have completed and/or waived paper discovery, the parties have not conducted any depositions in this case. Defendants respectfully submit that depositions are necessary to properly resolve this case – be it by settlement, on summary judgment, or at trial – as further discussed below.

  Plaintiff's representations in his December 6, 2024 status report abound with misrepresentations and half-truths. For example, Plaintiff represents that he certifies discovery is closed when the truth is that the case largely remained dormant on both ends following the failed mediation. Indeed, Plaintiff raised deficiencies concerning Defendants' discovery responses but has apparently abandoned them. As another example, Plaintiff represents that he made multiple attempts to meet-and-confer via email, but neglects to mention that his attempts only commenced at 2:33 PM the same day after his counsel sent the proposed joint letter at 2:27 PM, just six (6) minutes prior the same day. His counsel also failed to mention that your undersigned expressly told him that day "I am in the middle of a meeting and am unable to provide what you seek right this minute." Rather than revise the joint letter as Defendants requested,[1] Plaintiff decided to seize on an opportunity to shield himself from a deposition by slamming his gauntlet to certify the close of discovery. This Court should not rush to do so, as it will result in the very procedural gamesmanship Plaintiff complains of, and enable a waste of this Court's precious resources.

  Plaintiff invokes prejudice as a reason discovery should not be permitted, but fails to establish *how* he would be prejudiced. Defendants may easily proceed to taking the first step in dispositive motion practice, even without Plaintiff's deposition, because Plaintiff's pleadings fail to state a claim, Plaintiff was an exempt manager, and because no enterprise coverage exists under the Fair Labor Standards Act ("FLSA"); all the facts for same are within Defendants' control.

---

[1] Defendants sought to have the following language in the joint status report: "Defendants will file a letter motion [for an extension of time to complete discovery] under separate cover," and invited Plaintiff to indicate his position in the status letter, which Defendants stated they can later review.

Notwithstanding the foregoing, Defendants submit that depositions are necessary because, as this Court's judicial experience surely has shown, it is so often the critical key to resolving a case without the need for a trial. Defendants will proceed with dispositive motion practice, so permitting depositions to proceed will not derail the schedule for that motion. On the other hand, not permitting depositions in this case will result in it sitting for months waiting for a resolution of the motion and, potentially, for a trial date, thus virtually eliminating any chance of this case being resolved based on the parties' testimony at depositions beforehand. This is simply not in the spirit of the Federal Rules of Civil Procedure, which provide that they must be construed to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1.

Accordingly, sufficient good cause and excusable neglect exists for this Court to exercise its discretion in favor of granting an extension of time to complete discovery solely for the parties to conduct depositions until February 28, 2025. See Fed. R. Civ. P. 6(b)(1)(B). Indeed, not permitting depositions to proceed in aid of getting the case resolved and for a more efficient trial (should this case not be decided on summary judgment) will only serve to burden this Court with an unnecessarily long trial. As such, discovery should be extended for the limited purpose of permitting depositions. Defendants thank this honorable Court for its time and attention to this case.

Dated:  Jamaica, New York
      December 26, 2024

Respectfully submitted,
**SAGE LEGAL LLC**
By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Happy Street LLC,*
*Happy Street Too LLC, and*
*Slobodan Radivojevic a/k/a Bob Radivojevic*

**VIA ECF**
Levin-Epstein & Associates, P.C.
Attn: Joshua Levin-Epstein & Jason Mizrahi, Esqs.
60 East 42nd Street, Suite 4700
New York, NY 10165
(212) 792-0048 (office)
jason@levineepstein.com
joshua@levinepstein.com

*Attorneys for Plaintiff*
*Aaron Hernandez*