# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

January 6, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Diane Gujarati, U.S.D.J.
225 Cadman Plaza East
Courtroom 4B South
Brooklyn, NY 11201-1804

    *Re:*  <u>Hernandez v. Happy Street LLC, *et al.*</u>
       <u>Case No.: 1:22-cv-6918 (DG) (TAM)</u>

Dear Judge Gujarati:

  This firm represents the Defendants in this case, who respectfully submit this letter motion in accordance with ¶ III(A) of this Court's Individual Practice Rules (hereinafter the "Individual Rules") to respectfully request a pre-motion conference in anticipation of Defendants' motion for judgment on the pleadings and for summary judgment to dismiss Plaintiff's Complaint ("<u>Compl.</u>"), ECF Docket Entry <u>1</u>, for failure to state a claim upon which relief can be granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and for summary judgment under Rule 56. Defendants provide the basis of their anticipated motion below.

**<u>Relevant Background</u>**

  On November 13, 2022, Plaintiff Aaron Hernandez (hereinafter "Hernandez" or the "Plaintiff") filed the instant complaint in this case. <u>See</u> ECF Docket Entry <u>1</u>. The complaint asserts causes of action under: (i) the Fair Labor Standards Act ("FLSA") for failure to pay overtime; (ii) New York Labor Law ("NYLL") for failure to pay overtime; (iii) NYLL for spread-of-hours compensation; and (iv) NYLL for recordkeeping violations concerning wage statements and notice of pay rate and pay day. <u>See</u> <u>Id.</u> at ¶¶ 62-84.

**<u>This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim</u>**

  Plaintiff alleges that he was a "pizzaman" and "general worker" for three (3) separate pizzerias allegedly jointly owned by the Defendants, with one such pizzeria in Florida. <u>See</u> <u>Compl.</u> at ¶¶ 6, 40-44. He alleges that he was generally paid on an hourly basis, regularly worked in excess of forty (40) hours per week by providing an approximation of the hours he worked without overtime compensation, and never received an "overtime premium of one and one-half times his regular rate of pay for those hours." <u>See</u> <u>Id.</u> at ¶¶ 42-52.

  However, these claims are made without any factual details in support. The complaint fails to allege *how much* Plaintiff was paid in a given week, other than several allegations that he was generally paid anywhere from $12.00 to $16.00 per hour, with no allegation as to how many hours he worked in any such week, in order to permit one to calculate any alleged underpayment and determine whether Plaintiff's complaint states a claim for relief under the FLSA. <u>Id.</u> at ¶¶ 42-49, 52. As set forth below, this is wholly insufficient to state a claim under the FLSA.

Hon. Diane Gujarati, U.S.D.J.
January 6, 2025
P a g e | **2**

**Legal Standard for Motion for Judgment on the Pleadings**

The standard for ruling on a Rule 12(c) motion is virtually identical to the standard under Rule12(b)(6). See Hayden v. Paterson, 594 F.3d 150, 157 n.4 (2d Cir. 2010); see also George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977). Thus, in considering this motion for judgment on the pleadings, the Court accepts as true all of the well-pleaded facts alleged in the Complaint. Id. at 553; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (complaint must set forth factual allegations that are "enough to raise a right to relief above the speculative level"). The Court should dismiss the Complaint if it appears beyond doubt that Plaintiff can prove no plausible set of facts to support her claims which would entitle her to relief. See Twombly, 550 U.S. at 555.

The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." See Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

**This Court Should Grant Judgment on the Pleadings to Dismiss the Complaint**

Here, Plaintiff fails to remotely meet the plausibility standard required to state a claim for his causes of action under the FLSA for overtime. He fails to identify a single week in which he worked in excess of forty (40) hours and was not compensated for that time. Accordingly, Plaintiff's FLSA overtime claim must be dismissed for failure to state a claim. For the same reason, Plaintiffs may not conditionally certify a collective action because they have failed to establish any violation of the FLSA.

Further, the claims against the individual defendant must be dismissed because the complaint only alleges that they had operational control, without more. This is not enough to state a claim against an individual as an employer. See Inclan v. New York Hosp. Group, Inc., 95 F Supp 3d 490, 507 (S.D.N.Y. 2015) (setting forth factors to consider to determine individual liability under the FLSA). In addition, the joint employer allegations are not sufficiently pled. Finally, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

Hon. Diane Gujarati, U.S.D.J.
January 6, 2025
P a g e | 3

**Legal Standard for Motion for Summary Judgment**

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a).

**This Court Should Grant Defendants Summary Judgment to Dismiss the Complaint**

"As a threshold matter, the minimum-wage and overtime provisions of FLSA apply only to employees (1) who are personally 'engaged in [interstate] commerce or in the production of goods for [interstate] commerce' (so-called 'individual coverage'), or (2) who are 'employed in an enterprise engaged in [interstate] commerce or in the production of goods for [interstate] commerce' (so-called 'enterprise coverage')." See Shim v. Millennium Grp., No. 08-CV-4022, 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009) (quoting 29 U.S.C. §§ 206(a), 207(a)) (alterations in original). To fall under enterprise coverage, the enterprise must have receipts greater than $500,000, and at least some employees must " 'handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.'" See Kantor v. Air Atl. Med., P.C., No. 19-CV-3597 (EK) (ST), 2021 WL 3888067, at *5 (E.D.N.Y. July 7, 2021), report and recommendation adopted, 2021 WL 3884193 (E.D.N.Y. Aug. 31, 2021). "To establish individual coverage, the employee must perform work involving or related to the movement of persons or things ... among the several States or between any State and any place outside thereof." See Kantor v. Air Atl. Med., P.C., No. 19-CV-03597, 2021 WL 3888067, at *4 (E.D.N.Y. July 7, 2021) (citations and internal quotation marks omitted), report and recommendation adopted, No. 19-CV-3597, 2021 WL 3884193 (E.D.N.Y. Aug. 31, 2021). **Here,** Plaintiff can establish neither enterprise nor individual coverage. This is because Defendants earned less than $500,000.00 in revenue in 2019, 2020, 2021, and 2022, and due to Plaintiff's primary duties not involving work related to the movement of persons or things outside the State of New York.

Further, pursuant to the FLSA, "employees who are employed in a *bona fide* executive … capacity" are not covered by the FLSA's overtime requirements. See 29 U.S.C. § 213(a)(1); see also Havey v. Homebound Mortg., Inc., 547 F.3d 158, 160 (2d Cir. 2008). Under Department of Labor regulations, an employee is employed in a "*bona fide* executive capacity" if the employee is: (1) compensated on a salary basis at a rate of not less than $684 per week; (2) whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) who customarily and regularly directs the work of two or more other employees; and (4) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. See 29 C.F.R. § 541.100; see also Mullins v. City of New York, 653 F.3d 104, 107 (2d Cir. 2011), cert. denied, 565 U.S. 1275 (2012). **Here,** Plaintiff was indisputably paid a weekly salary, was the manager of the pizzeria, directed the work of the remaining employees, and had the power to make suggestions and recommendations as to hiring, firing, etc. As such, Plaintiff was exempt from overtime.

Accordingly, Defendants' letter motion for a pre-motion conference should be granted. Defendants thank this honorable Court for its time and attention to this case.

Hon. Diane Gujarati, U.S.D.J.
January 6, 2025
P a g e | **4**

Dated: Jamaica, New York
    January 6, 2025           Respectfully submitted,

                   **SAGE LEGAL LLC**

                   By:  */s/ Emanuel Kataev, Esq.*
                   Emanuel Kataev, Esq.
                   18211 Jamaica Avenue
                   Jamaica, NY 11423-2327
                   (718) 412-2421 (office)
                   (917) 807-7819 (cellular)
                   (718) 489-4155 (facsimile)
                   emanuel@sagelegal.nyc

                   *Attorneys for Defendants*
                   *Happy Street LLC,*
                   *Happy Street Too LLC, and*
                   *Slobodan Radivojevic a/k/a Bob Radivojevic*

**VIA ECF**
Levin-Epstein & Associates, P.C.
<u>Attn</u>: Joshua Levin-Epstein & Jason Mizrahi, Esqs.
60 East 42nd Street, Suite 4700
New York, NY 10165
(212) 792-0048 (office)
jason@levineepstein.com
joshua@levinepstein.com

*Attorneys for Plaintiff*
*Aaron Hernandez*