# LEVIN-EPSTEIN & ASSOCIATES, P.C.
_____

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

January 10, 2025

*Via ECF*
The Hon. Taryn A. Merkl, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                Re:    *Hernandez v. Happy Street LLC et al*
                       **Case No.: 1:22-cv-06918-DG-TAM**

Dear Honorable Magistrate Judge Merkl:

      This law firm represents Plaintiff Aaron Hernandez (the "Plaintiff") in the above-referenced matter.

      Pursuant to Your Honor's Individual Practices Rules, and the directives contained in Your Honor's December 27, 2024 Order, this letter respectfully serves to respond to the letter motion filed on December 26, 2024 [Dckt. No. 54], by Defendants Happy Street LLC, Happy Street Too LLC (together, the "Corporate Defendants") and Slobodan Radivojevic a/k/a Bob Radivojevic (the "Individual Defendant", and collectively, the "Defendants") seeking a *nunc pro tunc* extension of time to complete discovery, for the limited purpose[1] of conducting fact depositions.

      As a preliminary matter, counsel to the Defendants, Emanuel Kataev, Esq.'s ("Attorney Kataev"), *ad hominem* attacks on the undersigned law firm are underserved and highly inappropriate. The undersigned law firm has made every effort to maintain good offices between counsel. By way of example, the undersigned law firm consented to the vacatur of the clerk's entry of default, entered on September 7, 2023 [Dckt. No. 27], and to an extension of Defendants' time to answer the complaint. [*See* Dckt. No. 30].

      The undersigned law firm also consented to extending Defendants' deadline to respond to Plaintiffs' discovery requests twice: (i) first from July 29, 2024 to, through and including, August 12, 2024, and again from August 12, 2024 to, through and including, August 19, 2024.

      However, in their August 19, 2024 responses, Defendants provided **no** documents, and instead, submitted responses with boilerplate objections. The record demonstrates that Attorney Feraru has not reciprocated the undersigned law firm's many professional courtesies and good offices. *Id*. Respectfully, enough is enough.

      Turning to the substance of Defendants' letter motion, Defendants obfuscate their failure to complete discovery pursuant to this Court's discovery schedule; and aims to further delay the timeline of this proceeding.

      Pursuant to the Court's May 8, 2024 discovery schedule, Defendants had nearly seven (7) months to conduct depositions. Defendants have not – and cannot – dispute that they have **never** noticed Plaintiff's deposition via Fed.R.Civ.P. 30. The notice requirement under Rule 30, by its own terms, is mandatory.[2] Defendants spurned each and every opportunity to depose Plaintiffs. To

---

[1] Defendants do not dispute that paper discovery has been "completed and/or waived[.]"
[2] Fed.R.Civ.P. 30(b)(1) states, in pertinent part, that:

1

be clear, Defendants have never attempted to advance any paper discovery, or depositions, in the instant action.

Instead, Defendants' letter motion argues that "excusable neglect" under Fed.R.Civ.P. 6(b) somehow justifies a *nunc pro tunc* extension of time to complete depositions. However, Defendants' letter motion does not substantiate any of the basis of their law firm's "excusable neglect." Thus, the exercise of judicial discretion is not warranted under Fed.R.Civ.P. 6(b). The case is near trial, and the parties have begun dispositive motion practice.

On January 6, 2025 [Dckt. No. 55], Defendants certified that all fact discovery has closed, in their letter motion for leave to file a motion for summary judgment, pursuant to Fed.R.Civ.P. 56. Thus, by Defendants' own admissions, fact discovery has closed.

Given the lack of any substantive defenses in this case, Defendants' history of dilatory conduct in responding to discovery, and Defendant's ultimate failure to produce ***any*** paper discovery, leave to reopen fact discovery should be denied.

If, in the event that the Court were to exercise its discretion, and extend fact discovery for the limited purposes of conducting depositions, it is respectfully requested that it be reopened at Defendants' sole costs and expense. *See* Fed.R.Civ.P. 26(a), 26(e), 37; *see also Dichiara v. Wright*, 2009 WL 1910972 at *1 (E.D.N.Y 2009); *Engler v. MTD Products Inc*., 304 F.R.D. 349, 358 (N.D.N.Y. 2015) ("[a]s plaintiffs offer no substantial justification for this [failure to timely produce evidence], the Court directs that plaintiffs will bear the burden of this expense, which may include…fees and deposition costs.").

Plaintiff thanks this Court for its time and attention to this case.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi
60 East 42nd Street, Suite 4700
New York, NY 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiff*

VIA ECF: All Counsel of Record

---

"A party who wants to depose a person by oral questions ***must*** give reasonable written notice to every other party. The notice ***must*** state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice ***must*** provide a general description sufficient to identify the person or the particular class or group to which the person belongs."

(Emphasis added).

2