# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

January 21, 2025

*<u>Via Electronic Filing</u>*
The Hon. Taryn A. Merkl, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Hernandez v. Happy Street LLC et al*
         <u>Case No.: 1:22-cv-06918-DG-TAM</u>

Dear Honorable Magistrate Judge Merkl:

  This law firm represents Plaintiff Aaron Hernandez (the "Plaintiff") in the above-referenced action.

  Pursuant to the directives contained in Your Honor's January 15, 2025 Order, this letter respectfully serves to respond to the pre-motion conference letter filed by Defendants Happy Street LLC, Happy Street Too LLC (together, the "Corporate Defendants") and Slobodan Radivojevic a/k/a Bob Radivojevic (the "Individual Defendant", and collectively, the "Defendants") on January 6, 2025 [Dckt. No. 55] (the "Pre-Motion Conference Letter").

  As set forth more fully below, Defendants' contemplated motion for summary judgment is doomed to fail given that Defendants have not – and cannot – satisfy their initial burden of "demonstraing the absence of a genuine issue of material fact"[1] as to whether Plaintiff was an exempt managerial employee.

  Moreover, Defendants' contemplated motion for judgment on the pleadings is also doomed to fail given that the allegations in Plaintiff's Complaint, filed over ***two years ago***, clearly states a claim for unpaid wages, under the FLSA and NYLL.

  **I.**  **Standards of Review**

  **A.  Motion for Summary Judgment**

  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020). "A fact is material if it might affect the outcome of the suit under the governing law." *Ibid*. The movant bears the burden of "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

---

[1] *See Mendez v. MCSS Rest. Corp.*, 564 F.Supp. 3d 195, 204 (E.D.N.Y. 2021) (citations and quotations omitted).

### B. Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." *St. George Hotel Assoc., LLC v. Affiliated FM Ins. Co.,* 577 F. Supp. 3d 135, 141 (E.D.N.Y. 2021). "The standard for addressing a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as the standard used in evaluating a motion to dismiss under Rule 12(b)(6). *Id.*

## II.   Legal Argument

### A. Defendants Have Failed to Demonstrate the Absence of a Genuine Issue of Material Fact as to Whether Plaintiff was an Exempt Managerial Employee

Defendants argue that the discovery has indisputably demonstrated that Plaintiff was exempt from the FLSA and NYLL under the executive exemption. This is simply not true.

#### i.   The Executive Exemption

For the FLSA's executive exemption to apply, an employee: (i) must be compensated on a salary or fee basis of at least $684 per week; (ii) is primary responsible for the management of the business enterprise; (iii) must regularly direct the work of two or more other employees; and (iv) has the authority to hire or fire other employees. 29 C.F.R. § 541.100(a).

The salary thresholds under the NYLL are significantly larger than the FLSA. *See* NYCRR § 146–3.2(c) (salary minimum of $1,125 per week, in 2019-2023).

#### ii.   Defendants Have Failed to Demonstrate the Absence of a Genuine Issue of Material Fact as to Whether Either Exemption Applies

An employee will be deemed to be "paid on a 'salary basis'" as used in 29 C.F.R. § 541.200, if an employee's weekly earnings are "not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). The same principle applies to the NYLL. *Rivera v. Anjost Corp.*, 645 Fed Appx 30, 31 (2d Cir. 2016). Even if the employee receives more than the salary threshold, per week, if there is no evidence that the employee was guaranteed that amount, he does not meet the salary basis test. *Erdemir v. Allstate Marble & Granite, Kitchens and Baths Inc.*, 2023 WL 8270891, at *18 (E.D.N.Y. 2023)

Defendants' Pre-Motion Conference Letter has not attempted to – not cannot – dispute the fact that Plaintiff was paid on an hourly basis, not a salary basis. Nor have Defendants disputed that Plaintiff's primary duties consisted of cooking pizzas.

### B. Plaintiff has Stated Claims for Unpaid Overtime Under the FLSA and NYLL

Under the FLSA, an employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc*., 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)). In order to establish liability under the FLSA for unpaid minimum wages or overtime

pay, "a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). Employers that violate these FLSA mandates "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The FLSA contains a two-year statute of limitations for non-willful violations, and, for willful violations, a three-year limitations period from the date that the claim accrued. *See* 29 U.S.C. § 255(a). The NYLL is quite similar to the FLSA in that it requires employers to pay a minimum hourly wage to employees, as well as overtime compensation. *See* N.Y. Lab. Law § 650 *et seq*.

Contrary to the bald assertions in Defendants' Pre-Motion Conference Letter, Plaintiff has stated a claim for unpaid overtime under the FLSA and NYLL. *See Compl.* at ¶¶ 42-51.

### C. The Individual Defendant is Liable as Plaintiff's "Employer" under the FLSA and NYLL

Plaintiff's allegations support the allegation that Defendants "employed" Plaintiff and were his "employer." 29 U.S.C. § 203(d)(1).

Under the FLSA, an "employee" is "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee," *id*. § 203(d). To "employ" means "to suffer or permit to work." *Id*. § 203(g). The FLSA's definition of "employer" may apply to "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons," 29 U.S.C. § 203(a), (d), and an individual may be employed by more than one employer, 29 C.F.R. § 791.2(a). "Because the statute defines employer in such broad terms, it offers little guidance on whether a given individual is or is not an employer." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir.1999). In making that determination, a court should focus on "whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Id*. (internal citations omitted).

In the context of a motion for judgment on the pleadings, district courts in this Circuit have therefore found that complaints sufficiently allege employment when they plausibly state facts supporting the following four (4) *Carter*[2] factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."

---

[2] *Carter v. Dutchess Community Coll.*, 735 F.2d 8, 12 (2d Cir. 1984).

Accepting all well pleaded factual allegations as true and drawing all inferences in Plaintiff's favor, Plaintiff has pleaded sufficient facts to suggest functional control under *Carter*. *See Pierre v. City of New York*, 2021 WL 3887912, at *8 (S.D.N.Y. 2021); *see also Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 204 (S.D.N.Y. 2014) (explaining that a complaint only must "plead facts sufficient to allege a plausible claim that the [ ] defendants were the plaintiffs' 'employers' under the FLSA and NYLL").

### III. Defendants' Contemplated Motion for summary judgment is a Tremendous Waste of Time, and Resources

Defendants have not – and cannot – negate the evidence in the documentary record, which support Plaintiff's claims for unpaid wages. Nor have Defendants seriously argued that Plaintiff was paid on ***a flat, salary basis***; and Plaintiff's primary duties consisted of cooking pizza. Defendants' failure to carry their *prima facie* burden, militates against the denial of a contemplated motion for summary judgment. *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017).

Defendants stand to gain nothing by engaging in costly, piecemeal litigation.

Thank you, in advance, for your time and attention to this matter.

                Respectfully submitted,

                LEVIN-EPSTEIN & ASSOCIATES, P.C.

                By: */s/ Jason Mizrahi*
                     Jason Mizrahi
                     60 East 42nd Street, Suite 4700
                     New York, NY 10165
                     Tel. No.: (212) 792-0048
                     Email: Jason@levinepstein.com
                     *Attorneys for Plaintiff*

VIA ECF: All Counsel