# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

June 19, 2025

<u>*Via Electronic Filing*</u>
The Hon. Taryn A. Merkl, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Hernandez v. Happy Street LLC et al*
                Case No.: 1:22-cv-06918-DG-TAM

Dear Honorable Magistrate Judge Merkl:

      This law firm represents Plaintiff Aaron Hernandez (the "Plaintiff") in the above-referenced action.

      The instant letter respectfully serves to advise the Court of the status of the proceedings.

      Contrary to the representations in the letter filed by Defendants Happy Street LLC, Happy Street Too LLC (together, the "Corporate Defendants") and Slobodan Radivojevic a/k/a Bob Radivojevic (the "Individual Defendant", and collectively, the "Defendants") on June 18, 2025 [Dckt. No. 66], Defendants have – inexplicably – not completed the proposed Confessions of Judgment.

      By way of background, Your Honor's mediator's proposal included the following material term, to discourage the likelihood of a default:

> "To secure the settlement, the Court proposes that the parties enter into a confession of judgment in an amount not less than $50,000."

      While Defendants had circulated signed and notarized Confessions of Judgment, Defendants have – inexplicably – failed to provide the signatory's residential address in each Confession of Judgment. CPLR § 3218(a)(1) provides that:

> "…a judgment by confession may be entered, without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability in behalf of the defendant, or both, upon an affidavit executed by the defendant…stating the sum for which judgment may be entered, authorizing the entry of judgment, ***stating the county where the defendant resides***[.]"

      Thus, Defendants are unjustifiably stalling the consummation of a settlement in this matter.

      In light of the foregoing, it is respectfully requested that the Court set a final date-certain for Defendants to completely and fully complete the proposed Confessions of Judgment. In the

1

event of Defendants' continued non-responsiveness, Plaintiff intends to either proceed with the litigation, or to file a motion to enforce the settlement-in-principal achieved following the virtual settlement conference, together with fees and costs. *See Rivera v. Crabby Shack, LLC,* 2019 WL 8631861, at *3 (enforcing binding settlement reached at a virtual mediation, after having found that a litigant refused to execute a long-form settlement agreement).

      Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,
LEVIN-EPSTEIN & ASSOCIATES, P.C.

By:  */s/ Jason Mizrahi*
     Jason Mizrahi
     420 Lexington Avenue, Suite 2458
     New York, NY 10170
     Tel. No.: (212) 792-0048
     Email: Jason@levinepstein.com
     *Attorneys for Plaintiff*

VIA ECF: All Counsel