UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X
AARON HERNANDEZ,

                     Plaintiff,

          -against-                      **REPORT AND
RECOMMENDATION**
                                              22-CV-6918 (DG) (TAM)
HAPPY STREET LLC,
HAPPY STREET TOO LLC, and
SLOBODAN RADIVOJEVIC (a/k/a BOB
RADIVOJEVIC),

                     Defendants.
----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

       Plaintiff Aaron Hernandez initiated this action against Defendants Happy Street

LLC, Happy Street Too LLC, and Slobodan Radivojevic (a/k/a Bob Radivojevic)

(collectively, "Defendants") on November 13, 2022.[1] (*See* Compl., ECF No. 1.[2]) Plaintiff

alleges various claims, including violations of the Fair Labor Standards Act, 29 U.S.C.

§ 201 *et seq.* ("FLSA") and the New York Labor Law, Art. 6 § 190 *et seq.* and Art. 19 § 650

*et seq.* ("NYLL"). (*Id.*)

       The parties have reached a proposed settlement of Plaintiff's wage and hour

claims, the terms of which are set forth in a settlement agreement filed with the Court.

(*See* Proposed Settl. Agreement, ECF No. 68-1.) On July 7, 2025, the parties filed a

---

[1] Plaintiff originally brought this action "on behalf of himself and others similarly situated." (Compl., ECF No. 1, at ECF p. 1.) However, Plaintiff did not elect to file a motion for class certification, and no additional plaintiffs joined the litigation.

[2] Plaintiff's complaint also mentions "Pearl and Front Corp." as a corporate defendant. (*See id.*) Pearl and Front Corp. is only mentioned once in the complaint, was not ever formally sued as a Defendant, and has not been involved in this case.

motion requesting that the Court approve the settlement agreement as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016). (Mot. for Settl. Approval, ECF No. 68.) On July 18, 2025, the Honorable Diane Gujarati referred the parties' motion to the undersigned Magistrate Judge for a report and recommendation. (July 18, 2025 ECF Order Referring Mot.)

For the reasons set forth below, the Court finds the settlement agreement to be fair and reasonable and recommends that the parties' proposed settlement be approved.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As set forth in the complaint, Plaintiff Aaron Hernandez alleges that he was employed by Defendants as a pizza man and general worker, and that Defendants failed to pay him proper overtime wages in violation of the FLSA and the NYLL, among other claims. (Compl., ECF No. 1, ¶¶ 6, 51–57.)

Following an initial settlement conference before the Court, multiple *ex parte* calls, and the provision of a mediator's proposal, which both parties accepted, the parties were directed to file a motion for settlement approval, as required by *Cheeks*. (*See* May 6, 2025 ECF Order.) The Court received the parties' motion for settlement approval on July 7, 2025, and the Court scheduled a *Cheeks* hearing for July 22, 2025. (Mot. for Settl. Approval, ECF No. 68; July 9, 2025 ECF Scheduling Order.) At the hearing, counsel for both parties confirmed that they believe the proposed agreement is fair and reasonable. (July 22, 2025 ECF Min. Entry & Order.)

## DISCUSSION

Under the terms of the settlement agreement, Defendants agree to pay a total of $37,500, of which Plaintiff is to receive $23,645.97 and Plaintiff's counsel is to receive $13,854.03 in attorneys' fees and costs. (Mot. for Settl. Approval, ECF No. 68, at 4, 7.) For

the reasons set forth below, the Court respectfully recommends approving the settlement agreement.

## I.   Legal Standard

In reviewing proposed settlements under the FLSA, courts are tasked with considering "'whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Ahad v. 21st St. Hosp., LLC*, No. 21-CV-2079 (LDH) (TAM), 2022 WL 2467243, at *2 (E.D.N.Y. Mar. 17, 2022) (quoting *Rotthoff v. New York State Cath. Health Plan, Inc.*, No. 19-CV-4027 (AMD) (CLP), 2021 WL 1310220, at *2 (E.D.N.Y. Apr. 8, 2021)), *report and recommendation adopted*, June 27, 2022 ECF Order Adopting R. & R.; *see also Cheeks*, 796 F.3d at 206. Courts in this circuit have identified several factors for determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotation marks omitted); *see also Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (citing the *Wolinsky* factors).[3]

---

[3] Notably, the Second Circuit has held that if a court finds that a "proposed settlement is unreasonable in whole or in part, the court . . . must reject the agreement or give the parties an opportunity to revise it." *Fisher*, 948 F.3d at 605. The court cannot, however, "simply rewrite the [settlement] agreement." *Id.* Accordingly, "[w]hen presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Id.* at 606 (citing *Evans v. Jeff D.*, 475 U.S. 717, 727 (1986)).

## II.  Analysis

Analyzing the settlement agreement against the *Wolinsky* factors, the Court finds that the amount and terms of the settlement are fair and reasonable. Considering (1) the settlement amount as compared to Plaintiff's possible range of recovery; (2) the possible litigation risks, which could severely limit the range of Plaintiff's possible recovery; and (3) the terms of the agreement, the Court concludes, on balance, that the settlement agreement reflects "a fair and reasonable compromise." *Romero v. Sid Boys Corp.*, No. 18-CV-6583 (CLP), 2024 WL 4871367, at *3 (E.D.N.Y. Nov. 22, 2024).

### A.  The Settlement Sum is Substantial and Fair Given Plaintiff's Range of Recovery and Possible Litigation Risks

The settlement agreement satisfies *Wolinsky*'s first, second, and third factors, providing Plaintiff with a recovery that is substantial and fair in light of the litigation risks and within the possible range of recovery, while avoiding the substantial burdens and expenses of additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335. (*See* Mot. for Settl. Approval, ECF No. 68, at 3–4.) Plaintiff has represented that the settlement amount is "approximately 98.77% of Plaintiff's estimated maximum recovery for unpaid wages under the FLSA / NYLL." (Mot. for Settl. Approval, ECF No. 68, at 3–4.) *See, e.g., Chowdhury v. Brioni America, Inc.*, No. 16-CV-344 (HBP), 2017 WL 5953171, at *2 (S.D.N.Y. Nov. 29, 2017) (finding that a net settlement of 40% of FLSA plaintiff's maximum recovery was reasonable).

The parties seriously contested several issues in the case, including the duration of Plaintiff's employment and the number of hours he worked. Further litigation of these claims would likely require additional discovery, as well as the corresponding costs of dispositive motion practice or trial, at which it is not at all clear that Plaintiff would recover the full damages amount he asserts. (*See* Mot. for Settl. Approval, ECF

No. 68, at 4–5.) Additionally, "Defendants provided evidence that they had no assets, the pizzerias were closed down, and that they were otherwise judgment-proof," indicating that further litigation would create a substantial burden for Defendants and that Plaintiff may not succeed in collecting on any judgment he may later obtain. (*See id.*)

### B. Settlement is the Result of Arm's-Length Bargaining and Does Not Suggest the Presence of Fraud or Collusion

The record amply demonstrates that the settlement was the product of contested litigation, as well as arm's-length bargaining between counseled parties during a settlement conference before the Court, satisfying the fourth and fifth *Wolinsky* factors. *See Wolinsky*, 900 F. Supp. 2d at 335. (*See* Mot. for Settl. Approval, ECF No. 68, at 2.) There is also no evidence to suggest that the settlement was the product of fraud or collusion. *See Meigel v. Flowers of the World, NYC, Inc.*, No. 11-CV-465 (KBF), 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) ("[T]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." (quotation marks omitted)).

### C. The Mutual General Release Provision Should Not Preclude Approval

The settlement agreement contains a mutual general release of claims by the parties. (Proposed Settl. Agreement, ECF No. 68-1, ¶ 7; *see also* Mot. for Settl. Approval, ECF No. 68, at 8.) *Cheeks* generally requires that the release provided for in the settlement agreement be limited in scope. *See, e.g.*, *Adams v. Euro Structure LLC*, No. 20-CV-4630 (WFK) (TAM), 2021 WL 5827755, at *3 (E.D.N.Y. Nov. 23, 2021), *report and recommendation adopted*, 2021 WL 5827534 (E.D.N.Y. Dec. 8, 2021) (collecting cases). However, "[g]eneral releases are permissible in FLSA settlements where plaintiff is no

longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual." *Abreu v. Glenda Food Corp.*, No. 17-CV-2006 (HBP), 2018 WL 2388532, at *2 (S.D.N.Y. May 25, 2018) (collecting cases); *Chowdhury*, 2017 WL 5953171, at *3 (approving *Cheeks* settlement agreement with a mutual general release).

At the July 22, 2025 conference, counsel for Defendants argued that the general release is appropriate here, as Plaintiff does not work for Defendants anymore, and the release allows for a mutual walkaway for both parties. Counsel for Plaintiff also represented that Plaintiff "is looking to divorce himself fully and finally from the former employer," and that Plaintiff has no other anticipated claims against Defendants that would be implicated by a mutual general release provision. The Court notes that the settlement process between the two parties in this case was particularly adversarial, and difficult for both sides. Given this background and the parties' interest in a mutual walkaway, the Court finds that the release provision is acceptable given the specific facts of this case. Moreover, both parties are counseled, Plaintiff no longer works for Defendants, and the release is mutual. *See generally Abreu*, 2018 WL 2388532, at *2.

For the reasons discussed above, the Court respectfully recommends that the settlement amount and the terms of the settlement agreement be found to be fair and reasonable.

## III. The Allocation for Attorneys' Fees is Reasonable

Where attorneys' fees are included as part of an FLSA settlement agreement, courts are required to "evaluate the reasonableness of the fees and costs." *Fisher*, 948 F.3d at 600 (citing *Cheeks*, 796 F.3d at 206; 29 U.S.C. § 216(b)). Courts in the Second Circuit generally "calculate a reasonable fee using either the 'lodestar' method or the 'percentage of the fund' method." *Valencia v. Nassau Country Club*, No. 18-CV-2724

6

(LDH) (JO), 2020 WL 7249440, at *1 (E.D.N.Y. Oct. 19, 2020) (citing *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)), *report and recommendation adopted*, 2020 WL 6867911 (E.D.N.Y. Nov. 23, 2020).

Under the "percentage of the fund" method, many courts find that "a one-third contingency fee is generally considered reasonable in this Circuit." *Castillo v. Crane Express Inc.*, No. 18-CV-1271 (PKC) (LB), 2018 WL 7681356, at *4 (E.D.N.Y. Dec. 12, 2018), *report and recommendation adopted*, Jan. 3, 2019 ECF Order Adopting R. & R.; *see also Escobar v. Variedades Belen Corp.*, No. 23-CV-4849 (JMW), 2024 WL 1259367, at *5 (E.D.N.Y. Mar. 25, 2024) (collecting FLSA cases approving attorneys' fees equal to one-third of the settlement). "Critically, '[t]he fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs,'" even where attorneys' fees are calculated pursuant to the percentage of the fund method. *Santiago v. Agadjani*, No. 21-CV-7090 (KAM) (CLP), 2024 WL 4480106, at *5 (E.D.N.Y. Oct. 11, 2024) (quoting *Fisher*, 948 F.3d at 600). Courts use the "lodestar method" to "cross-check" the reasonableness of the requested attorneys' fees and "compare the fees generated by the percentage method with those generated by the lodestar method." *Escobar*, 2024 WL 1259367, at *5 (quotation marks and citations omitted).

Here, Plaintiff's counsel requests $13,854.03, comprising $11,822.98 in fees and $2,031.05 in costs. (Mot. for Settl. Approval, ECF No. 68, at 7; Billing Records, ECF No. 68-2; Invoices, ECF No. 68-3.) The fee request is equal to one-third of the net settlement amount, after deducting $2,031.05 in costs ($35,468.95 / 3 = $11,822.98), which is a percentage routinely found to be a reasonable attorneys' fee in FLSA cases in the Second Circuit. (*See* Mot. for Settl. Approval, ECF No. 68, at 7, 11–12.) *See, e.g., Caceres v.*

*Brentwood Farmers Market, Inc.*, No. 20-CV-3476 (AKT), 2021 WL 3276637, at *2 (E.D.N.Y. May 4, 2021) (collecting cases).

Counsel indicates that their lodestar in this case amounts to $16,182.50 in fees alone as of July 7, 2025. (Billing Records, ECF No. 68-2.) Contemporaneous billing records support this figure, showing 49.45 hours expended by attorney Jason Mizrahi and paralegal Alexis Abrego at hourly rates of $350 per hour and $50 per hour, respectively. (*See id.*) The Court finds that the requested fee amount of $11,822.98 is approximately 0.73 times counsel's lodestar amount of $16,182.50, which is in line with other approved amounts in this court. (*See id.*; Mot. for Settl. Approval, ECF No. 68, at 7.) *See, e.g.*, *Ahad*, 2022 WL 2467243, at *5 (finding that a "lodestar multiplier of .90 is well within the range of multipliers that courts in this District have allowed" (quotation marks and modification omitted)).

In light of the reasonableness demonstrated by the lodestar cross-check, and because Plaintiff's counsel is requesting one-third of the net settlement amount, a percentage normally found acceptable in this Circuit, the Court recommends finding that the requested fee is reasonable. In addition, the Court has reviewed the costs and receipts submitted in support and finds that $2,031.05 in costs, which includes the $402.00 filing fee, $425.00 mediation fee, $1,194.05 in service fees, and $10.00 in

background search fees, is likewise reasonable and supported.[4] (*See* Mot. for Settl. Approval, ECF No. 68, at 7.)

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for settlement approval be granted in its entirety.

\*    \*    \*    \*    \*

This report and recommendation will be filed electronically. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable Diane Gujarati at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate[ judge's] decision" (quotation marks omitted)).

**SO ORDERED.**

Dated:  Brooklyn, New York
         July 24, 2025

_____*Taryn A. Merkl*_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court takes judicial notice of the filing fee.

9