# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2458 • New York, New York 10170
T: 212.792.0048 • E: Jason@levinepstein.com

October 29, 2025

**_Via Electronic Filing_**
The Hon. Taryn A. Merkl, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  _Hernandez v. Happy Street LLC et al_
Case No.: 1:22-cv-06918-DG-TAM

Dear Honorable Magistrate Judge Merkl:

This law firm represents Plaintiff Aaron Hernandez (the "Plaintiff") in the above-referenced action.

Pursuant to Your Honor's Individual Motion Practice Rules, the instant letter respectfully serves to request the scheduling of an in-person conference to discuss Plaintiff's anticipated motion to restore this action, pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 60.

By way of background, the parties attended a virtual settlement conference before Your Honor on May 1, 2025. Following the virtual settlement, and after multiple rounds of negotiations and _ex parte_ conferences with the parties, Your Honor communicated a mediator's proposal.

On May 6, 2025, the parties accepted Your Honor's mediator's proposal, and reached a resolution, in principle, to settle this matter. The Parties finalized the terms, memorialized in a Settlement Agreement, for the settlement of Plaintiff's claims for a total sum of $37,500.00 (the "Settlement Amount") to be paid out in accordance with the terms of the Settlement Agreement. [_See_ Dckt. No. 68].

Section 7(a) of the Settlement Agreement expressly conditions the release of Plaintiff's claims on Defendants'[1] prompt and timely payment of the Settlement Amount. [_See_ Dckt. No. 68-1 at ¶ 7(a)]; [_see also id._ at ¶ 19(d)].

Pursuant to Section 1(a) of the Settlement Agreement, Defendants were required to make an initial payment of $10,500 on or before August 22, 2025. Defendants, inexplicably, never made the initial installment payment.

Over nearly one dozen electronic and telephonic meet-and-conferrals with Defendants' counsel, the undersigned implored Defendants to cure their default, to obviate the need for expensive and time-consuming motion practice.[2] Defendants did not take any of these warnings seriously.

---

[1] "Defendants" collectively refers to Defendants Happy Street LLC, Happy Street Too LLC, and Slobodan Radivojevic (a/k/a Bob Radivojevic).
[2] A true and correct copy of the undersigned's notices of Defendants' breach, is annexed hereto as Exhibit "A".

1

Case law is legion: "the clear mandate of *Cheeks* is to have courts scrutinize settlement agreements that forever dispose of a worker's claims, because the FLSA demands their protection from certain invidious conduct." *Guarnero-Ruiz v. 36-03 Food, LLC*, 2017 WL 7049543, at *10 (E.D.N.Y. 2017). Courts in the Eastern District take this mandate, "rooted in the FLSA's remedial and uniquely protective purpose… extremely seriously." *Torres v. Mc Gowan Builders*, 2020 WL 5369056, at *4 (E.D.N.Y. 2020).

Defendants' refusal to consummate their payment obligations under the Settlement Agreement, contravenes *Cheeks,* and its progeny. Because Defendants have failed to satisfy their payment obligations under the Settlement Agreement, Plaintiff's release of claims is not valid, and the case should be reinstated.

In light of the foregoing, it is respectfully requested that the Court schedule an in-person conference, with the Individual Defendant in attendance, to discuss Plaintiff's anticipated motion to restore this action, pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 60.

Thank you, in advance, for your time and attention to this matter.

        Respectfully submitted,

        LEVIN-EPSTEIN & ASSOCIATES, P.C.

        By: */s/ Jason Mizrahi*
            Jason Mizrahi
            420 Lexington Avenue, Suite 2458
            New York, NY 10170
            Tel. No.:  (212) 792-0048
            Email: Jason@levinepstein.com
            *Attorneys for Plaintiff*

VIA ECF: All Counsel

Encl.