UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Aaron Hernandez, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                                                *Plaintiff,*

- *against* -

Happy Street LLC, Happy Street Too LLC, and Slobodan Radivojevic (a/k/a Bob Radivojevic),

                                                *Defendants*.
------------------------------------------------------------X

Case No.: 1:22-cv-06918-DG-TAM

Hon. Diane Gujarati, U.S.D.J.

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR THE ENTRY OF A JUDGMENT PURSUANT TO FED.R.CIV.P. 58

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**

By: Jason Mizrahi, Esq.
     420 Lexington Avenue, Suite 2458
     New York, NY 10170
     Tel. No.: (212) 792-0048
     Email: Jason@levinepstein.com
     *Attorneys for Plaintiff*

Dated:  New York, New York
          December 31, 2025

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................................ ii

**PRELIMINARY STATEMENT** ....................................................................................................... 1

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND** ........................................ 2

    I.    The May 1, 2025 Settlement Conference ............................................................................ 2

    II.    The Court-Approved Settlement Agreement .................................................................... 2

    III.    Defendants Breach the Settlement Agreement ................................................................ 3

**LEGAL STANDARD** ........................................................................................................................ 3

    I.    Legal Standard for Entry of a Judgment Set Out in a Separate Document Under Fed.R.Civ.P. 58  3

    II.    Legal Standard for Modifying an Earlier Judgment Under Fed.R.Civ.P. 60 .................. 4

**ARGUMENT** ...................................................................................................................................... 4

    I.    The Court Should Direct the Clerk to Enter a Judgment, Set Out in a Separate Document, Under Fed.R.Civ.P. 58 .......................................................................................... 4

    II.    Assuming, *Arguendo,* A Final Judgment Has Already Been Entered, the Court Should Modify it Pursuant to Fed.R.Civ.P. 60(b), Consistent with the Confessions of Judgment ............................... 6

**CONCLUSION** ................................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Guarnero-Ruiz v. 36-03 Food, LLC*,
    2017 WL 7049543 (E.D.N.Y. 2017)................................................................ 7

*Huang v. Jaddou*,
    2024 WL 4246161 (E.D.N.Y. 2024)................................................................ 4

*IME Watchdog, Inc. v. Gelardi*,
    2025 WL 2346128 (E.D.N.Y. 2025)............................................................ 4, 5

*L.I. Head Start Child Dev. Servs. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*,
    956 F. Supp. 2d 402 (E.D.N.Y. 2013) ............................................................. 6

*Robert Lewis Rosen Assocs. v. Webb*,
    473 F.3d 498 (2d. Cir. 2007).......................................................................... 6

*Torres v. Mc Gowan Builders*,
    2020 WL 5369056 (E.D.N.Y. 2020)................................................................ 7

*Vantage Mezzanine Fund II P'ship Through Vantage Mezzanine Fund II (Pty) Ltd v. Taylor*,
    2025 WL 1819715 (S.D.N.Y. 2025)................................................................ 6

*Wilson v. New York & Presbyterian Hosp.*,
    2021 WL 2987134 (E.D.N.Y. 2021)............................................................ 4, 5

**Rules**

Fed.R.Civ.P. 58(a) ................................................................................................. 3

Fed.R.Civ.P. 58(b) ................................................................................................. 4

Fed.R.Civ.P 60(b) .................................................................................................. 4

Fed.R.Civ.P. 79(a) ................................................................................................. 3

Plaintiff Aaron Hernandez ("Plaintiff"), by and through the undersigned counsel, Levin-Epstein & Associates, P.C., respectfully submits this Memorandum of Law, the Declaration of Jason Mizrahi (the "Mizrahi Decl.") and the exhibits annexed thereto, in support of Plaintiff's motion for the entry of a judgment pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 58[1], consistent with the terms contained in the confessions of judgment filed on July 7, 2025 [Dckt. Nos. 68, 68-1], which this Court had previously found to be fair and reasonable pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) ("Cheeks") on August 13, 2025 [*see* 08/13/2025 Order], and as grounds thereto respectfully state as follows:

## PRELIMINARY STATEMENT

This motion presents a straightforward procedural issue arising from Defendants' undisputed breach of a Court-approved settlement agreement. After this Court carefully reviewed and approved the parties' settlement pursuant to *Cheeks*, and marked this action terminated, Defendants failed to make even the first required payment under the Settlement Agreement. The agreement expressly conditioned the release of Plaintiff's claims on Defendants' timely payment and incorporated confessions of judgment designed to provide Plaintiff with a prompt and efficient enforcement mechanism in the event of default.

Despite the Court's approval of the settlement and the absence of any remaining issues to be adjudicated, no separate judgment was ever entered on the docket as required by Fed.R.Civ.P. 58. Plaintiff therefore seeks an order directing the Clerk of Court to enter judgment in a separate document consistent with the parties' confessions of judgment. Such relief is expressly contemplated by Rule 58(d) and is appropriate where, as here, the Court has already resolved all substantive matters and the only remaining task is the ministerial act of entering judgment.

---

[1] In the alternative, Plaintiff moves for relief under Fed.R.Civ.P. 60.

1

Alternatively, to the extent the Court determines that a final judgment was implicitly entered upon approval of the settlement and termination of the action, Plaintiff respectfully requests that the Court modify that judgment pursuant to Fed.R.Civ.P. 60 to reflect and enforce the express terms of the Court-approved settlement, including the confessions of judgment triggered by Defendants' breach. In either posture, Plaintiff seeks nothing more than the administrative entry of a judgment, in order to initiate judgment enforcement proceedings as a result of Defendants' breach.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### I.     The May 1, 2025 Settlement Conference

The parties attended a virtual settlement conference before the Honorable Magistrate Judge Taryn A. Merkl on May 1, 2025. Following the virtual settlement, and after multiple rounds of negotiations and *ex parte* conferences with the parties, Judge Merkl communicated a mediator's proposal.

On May 6, 2025, the parties accepted Judge Merkl's mediator's proposal, and reached a resolution, in principle, to settle this matter. The Parties finalized the terms, memorialized in a settlement agreement, for the settlement of Plaintiff's claims for a total sum of $37,500.00 to be paid out in accordance with the terms of the settlement agreement, and accompanying exhibits, filed on July 7, 2025 (the "Settlement Agreement"). [*See* Dckt. No. 68].

### II.    The Court-Approved Settlement Agreement

The Settlement Agreement incorporated three (3) confessions of judgment, which allowed Plaintiff to recover "the sum of [$50,000], together with all reasonable attorneys' fees and costs, less any payments made under the Settlement Agreement[,]" in the event of a breach. [See Dckt. No. 68]. Section 7(a) of the Settlement Agreement also expressly conditioned the release of

2

Plaintiff's claims on Defendants'[2] prompt and timely payment of the Settlement Amount. [*See* Dckt. No. 68-1 at ¶ 7(a)]; [*see also id.* at ¶ 19(d)]. The parties jointly filed the Settlement Agreement on July 7, 2025, for Court approval pursuant to *Cheeks*. The Court ultimately approved the Settlement Agreement on August 13, 2025. [*See* 08/13/2025 Order]. The civil was marked terminated on August 15, 2025. [*See* 08/15/2025 Entry]. However, the Clerk of Court did not file a separate document marked "judgment" on the docket as required under Rules 79(a) and 58(a). *See* Fed.R.Civ.P. 79(a) (requiring the clerk of court to record a judgment in the civil docket sheet); Fed.R.Civ.P. 58(a) ("Every judgment and amended judgment must be set out in a separate document.")

### III. Defendants Breach the Settlement Agreement

Pursuant to Section 1(a) of the Settlement Agreement, Defendants were required to make an initial payment of $10,500 on or before August 22, 2025. Defendants, inexplicably, never made the initial installment payment. Over nearly one dozen electronic and telephonic meet-and-conferrals with Defendants' counsel, the undersigned implored Defendants to cure their default, to obviate the need for expensive and time-consuming motion practice.[3] The undersigned also provided written notice of default to Defendants' counsel. [See Dckt. No. 74-1]. Defendants did not cure their default.

## LEGAL STANDARD

### I. Legal Standard for Entry of a Judgment Set Out in a Separate Document Under Fed.R.Civ.P. 58

Rule 58(d) permits a party to "request that judgment be set out in a separate document as required by Rule 58(a), which requires "[e]very judgment" to "be set out in a separate document[.]"

---

[2] "Defendants" collectively refers to Defendants Happy Street LLC, Happy Street Too LLC, and Slobodan Radivojevic (a/k/a Bob Radivojevic).
[3] A true and correct copy of the undersigned's notices of Defendants' breach, is annexed to the Mizrahi Decl. as Exhibit "A".

3

*IME Watchdog, Inc. v. Gelardi*, 2025 WL 2346128, at *2 (E.D.N.Y. 2025); *see also* Fed.R.Civ.P. 58(b) (noting that "the court ***must*** promptly approve the form of the judgment…") (emphasis added). Where there are no pending matters to be resolved in an action, an entry of final judgment upon request of a party is appropriate under Rule 58(d). *Wilson v. New York & Presbyterian Hosp.*, 2021 WL 2987134, at *7 (E.D.N.Y. 2021), *aff'd in part, vacated in part, remanded*, 2022 WL 17587564 (2d Cir. 2022) (citing *McGee v. Dunn*, 2015 WL 9077386, at *15 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 115 (2d Cir. 2017)) (after granting initial motions to dismiss certain claims against certain defendants, later granting summary judgment dismissing all claims, and ordering that the pretrial conference and trial be vacated and the action be dismissed and stricken from the active docket, Judge properly directed Clerk to enter final judgment pursuant to Rule 58).

**II.     Legal Standard for Modifying an Earlier Judgment Under Fed.R.Civ.P. 60**

Fed.R.Civ.P. 60(b), in relevant part, provides that a court may relieve a party or its legal representative from a final judgment in the case of:

> "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence…; (3)…, misrepresentation, or misconduct by an opposing party; (4) the judgment is void;  (5) …applying [the judgment] prospectively is no longer equitable; or (6) any other reason that justifies relief."

Fed.R.Civ.P. 60(b). Rule 60(a) allows the Court to, by motion or on its own, "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *Huang v. Jaddou*, 2024 WL 4246161, at *1 (E.D.N.Y. 2024) (citations omitted).

## ARGUMENT

**I.     The Court Should Direct the Clerk to Enter a Judgment, Set Out in a Separate Document, Under Fed.R.Civ.P. 58**

Rule 58 requires that "[e]very judgment and amended judgment must be set out in a separate document." Fed.R.Civ.P. 58(a). Rule 58(d) further provides that a party "may request that

judgment be set out in a separate document as required by Rule 58(a)." Where an action has been fully resolved and no issues remain pending before the Court, entry of judgment upon request is not only appropriate, but required. *IME Watchdog, Inc.*, 2025 WL 2346128 at *2.

That is precisely the posture of this case. On July 7, 2025, the parties jointly submitted their Settlement Agreement for approval pursuant to *Cheeks*. [*See* Dckt. No. 68]. On August 13, 2025, the Court expressly found the settlement – and the confessions of judgment incorporated therein – were fair and reasonable. [*See* 08/13/2025 Order]. The Court thereafter marked the action terminated. [*See* 08/15/2025 Entry]. No claims, counterclaims, or motions remain pending. Accordingly, there is no impediment to the entry of final judgment, and Rule 58 contemplates prompt action by the Court and Clerk in these circumstances. *See* Fed.R.Civ.P. 58(b) (providing that "the court must promptly approve the form of the judgment").

Courts in this Circuit routinely direct the Clerk to enter judgment under Rule 58 where all substantive issues have been resolved and only the formal entry of judgment remains. *See Wilson*, 2021 WL 2987134 at *7 (entry of final judgment appropriate where action was dismissed and stricken from the active docket).

Here, entry of judgment is particularly appropriate given that the Settlement Agreement expressly incorporated confessions of judgment and provided a clear remedial framework in the event of Defendants' default. Defendants have admittedly failed to make the initial payment required under the Settlement Agreement, triggering Plaintiff's right to enforce the confessions of judgment. Directing the Clerk to enter judgment in a separate document consistent with those terms merely effectuates the agreement the parties reached and the Court approved.

5

Accordingly, Plaintiff respectfully requests that the Court direct the Clerk of Court to enter judgment, set out in a separate document pursuant to Rule 58, consistent with the confessions of judgment filed on July 7, 2025.

## II. Assuming, *Arguendo,* A Final Judgment Has Already Been Entered, the Court Should Modify it Pursuant to Fed.R.Civ.P. 60(b), Consistent with the Confessions of Judgment

In the alternative, if the Court concludes that a final judgment was implicitly entered when it approved the Settlement Agreement and terminated the action, Plaintiff respectfully submits that relief is warranted under Fed.R.Civ.P.60.

Rule 60(b) authorizes the Court to relieve a party from a final judgment for, *inter alia*, mistake, inadvertence, or "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1), (6). Additionally, Rule 60(a) allows for the modification of a judgment to correct non-substantive or clerical errors. *See generally, Robert Lewis Rosen Assocs. v. Webb*, 473 F.3d 498 (2d. Cir. 2007); *see also, L.I. Head Start Child Dev. Servs. v. Econ. Opportunity Comm'n of Nassau Cty., Inc*., 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013) ("Rule 60(a) allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement. Rule 60(a) [thus] allows for clarification and explanation, consistent with the intent of the original judgment.") (citation and internal quotation marks omitted).

To the extent the docket reflects a termination of the action without a separate judgment embodying the enforceable terms of the Court-approved settlement, such omission constitutes precisely the type of oversight Rule 60 is designed to address. Modification of the judgment to expressly incorporate and enforce the confessions of judgment does not alter the parties' substantive rights; it enforces them. *See Vantage Mezzanine Fund II P'ship Through Vantage Mezzanine Fund II (Pty) Ltd v. Taylor*, 2025 WL 1819715, at *2 (S.D.N.Y. 2025).

Moreover, Defendants' post-approval breach of the Settlement Agreement independently justifies relief under Rule 60(b)(6). The confessions of judgment were a material inducement to Plaintiff's agreement to settle and were expressly approved by the Court as part of its *Cheeks* analysis. Allowing Defendants to evade those consequences due to a procedural omission would undermine both the settlement process and the Court's supervisory role in FLSA cases.[4]

Accordingly, even if a final judgment is deemed to have already been entered, the Court should modify that judgment pursuant to Rule 60 to reflect and enforce the confessions of judgment triggered by Defendants' default.

## CONCLUSION

For the reasons stated above, it is respectfully requested that the Court enter a judgment pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 58 and 60, consistent with the terms contained in the confessions of judgment filed on July 7, 2025 [Dckt. Nos. 68, 68-1], which this Court had previously found to be fair and reasonable pursuant to *Cheeks* on August 13, 2025 [see 08/13/2025 Order], together with such other relief as this Court deems just and proper.

Dated: New York, New York
December 31, 2025

**LEVIN EPSTEIN & ASSOCIATES, P.C.**

By: /s/ Jason Mizrahi
Jason Mizrahi, Esq.
420 Lexington Avenue, Suite 2458
New York, NY 10170
Tel. No.: (212) 792-0048
Email: jason@levinepstein.com
*Attorneys for Plaintiff*

---

[4] Case law is legion: "the clear mandate of *Cheeks* is to have courts scrutinize settlement agreements that forever dispose of a worker's claims, because the FLSA demands their protection from certain invidious conduct." *Guarnero-Ruiz v. 36-03 Food, LLC*, 2017 WL 7049543, at *10 (E.D.N.Y. 2017). Courts in the Eastern District take this mandate, "rooted in the FLSA's remedial and uniquely protective purpose… extremely seriously." *Torres v. Mc Gowan Builders*, 2020 WL 5369056, at *4 (E.D.N.Y. 2020). Thus, Defendants' refusal to consummate their payment obligations under the Settlement Agreement, contravenes *Cheeks,* and its progeny.