# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

Aaron Hernandez, *on behalf of himself and others*                    Case No.: 1:22-cv-6918 (DG) (TAM)
*similarly situated in the proposed FLSA Collective*
*Action*,

*Plaintiff*,

-against-

Happy Street LLC, Happy Street Too LLC, and
Slobodan Radivojevic (a/k/a Bob Radivojevic),

*Defendants*.

------------------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Aaron Hernandez ("Plaintiff") and Defendants Happy Street LLC, Happy Street Too LLC, and Slobodan Radivojevic (a/k/a Bob Radivojevic) (collectively, the "Defendants", and together with Plaintiff, the "Parties") desire to settle and resolve fully all claims that have been or could have been brought against Defendants by Plaintiff, and have reached this Negotiated Settlement Agreement and Release ("Agreement") to dispose of all such claims, including but not limited to, Plaintiff's claims against Defendants in the lawsuit captioned *Hernandez v. Happy Street LLC et al*, Case No. 1:22-cv-6918 (DG) (TAM), pending in the United States District Court for the Eastern District of New York (the "Lawsuit"). Therefore, in consideration of the foregoing, Plaintiff and Defendants agree as follows:

1.    **Consideration.**  Defendants shall pay or cause to be paid, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims identified in Section 7 of this Agreement Plaintiff may have against Defendants through the Execution Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Thirty-Seven Thousand Five Hundred Dollars and Zero Cents ($37,500.00) (the "Settlement Amount") to be paid to Plaintiff's attorneys as follows:

a.    Within seven (7) days of the Court's approval of the settlement agreement, and subsequent dismissal of this action, Defendants shall make an initial payment in the amount of Ten Thousand Five Hundred Dollars and Zero Cents ($10,500.00) (the "Initial Settlement Payment"), made payable as follows:

i.    One certified check payable to "Aaron Hernandez", in the amount of $5,645.97; and

ii.    One certified check payable to "Levin-Epstein and Associates, P.C., as Attorneys for Plaintiff" in the amount of $4,854.03, inclusive of $2,822.98 in attorneys' fees, and $2,031.05 in costs. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

b.    On or before such date that is thirty (30) days from Plaintiff's Counsel's receipt of the Initial Settlement Payment, and continuing every thirty (30) days thereafter, Defendants shall

make a total of thirty (30) installment payments in the amount of Nine Hundred Dollars and Zero Cents ($900.00) each, for a combined total of $27,000.00 (collectively, the "Thirty (30) Installment Payments"), made payable as follows:

    i.    One certified check payable to "Aaron Hernandez", in the amount of $600.00; and

    ii.    One check payable to "Levin-Epstein and Associates, P.C., as Attorneys for Plaintiff" in the amount of $300.00. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

    c.    The Initial Settlement Payment and the Thirty (30) Installment Payments identified in Sections 1(a)(i)-(ii) and 1(b)(i)-(ii), *supra,* shall be made by certified check, via Federal Express "FedEx First Overnight", "FedEx Priority Overnight", or via a comparable method of overnight delivery, and delivered to Plaintiff's counsel to the following address:

> Levin-Epstein & Associates, P.C.
> Attn:    Jason Mizrahi, Esq.
> 420 Lexington Avenue, Suite 2458
> New York, NY 10170

At Defendants' option, Defendants may provide the Initial Settlement Payment and/or any of the Thirty (30) Installment Payments by wire, in which case Plaintiff's Counsel shall provide appropriate wiring instructions.

    d.    Plaintiff agrees and acknowledges that Defendants and their counsel have not made any representations to Plaintiff regarding the tax consequences of any payments or amounts received by Plaintiff pursuant to this Agreement. Plaintiff further agree that the allocation and characterization of the amounts comprising the Settlement Amount were made by Plaintiff. Plaintiff must ensure that all taxes related to their respective payments described above in this Agreement are paid. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required employee-side deductions or employee-side withholdings from the sums to be paid to a Plaintiff and their attorney under this Agreement, that Plaintiff shall fully pay the assessment, including additional taxes, interest, penalties, and/or other liabilities or costs with respect to such payments attributable to them. Each Plaintiff indemnifies and holds Defendants harmless for any tax liabilities relating to the payment of the Settlement Amount. Defendants shall use best efforts to provide written notice of any applicable assessment to Plaintiff's Counsel as soon as Defendants becomes aware of it.

    2.    **Confessions of Judgment**. Concurrently with the execution of this Settlement Agreement, Defendants shall each sign a Confession of Judgment in the form annexed hereto as Exhibits "A" through Exhibits "C", in the amount of Fifty Thousand Dollars and Zero Cents ($50,000.00), less any payments made under this Settlement Agreement, together with all reasonable attorneys' fees and costs, which Plaintiff is authorized to file in any Court of competent jurisdiction, in an Event of Default in accordance with this Agreement.

3. **Event of Default**. Defendants shall be in default under this Settlement Agreement upon the happening of any of the following events or conditions (each, an "Event of Default"):

a. failure to make any payments which are received by Plaintiff as provided in Section 2 of this Settlement Agreement;

b. the failure by Defendants to perform any of their other obligations under this Settlement Agreement;

c. falsity, inaccuracy or breach by Defendants of any written warranty, representation or statement made or furnished to Plaintiff under this Settlement Agreement;

d. any indication or evidence received by Plaintiff that Defendants may have directly or indirectly been engaged in any type of activity which, result in the forfeiture of any property of Plaintiff to any governmental entity, federal, state or local government.

4. **Event of Default; Enforcement**.

a. In the event of a breach of any provision of this Settlement Agreement by Defendants, Defendants shall have five (5) business days to cure the aforementioned breach following notice by the Plaintiff to Defendants via email to their counsel at emanuel@sagelegal.nyc (the "Cure Period").

b. In the event of a breach of this Settlement Agreement, the non-breaching Party shall be entitled to reasonable costs, attorneys' fees, and disbursements required in order to enforce this Settlement Agreement, in addition to any other relief a court deems just and proper.

5. **Time of the Essence**. Time of payment and receipt of the Settlement Amount under Section 1 of this Settlement Agreement is of the essence.

6. **No Consideration Absent Execution of this Agreement**. Plaintiff understands and agrees that he would not receive the monies specified in Section 1 above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

7. **Mutual General Release of Claims by Parties.**

a. In exchange for the Settlement Payment and for other good and valuable consideration, receipt of which is hereby acknowledged, Plaintiff, and Plaintiff on behalf of his family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, successors and assigns (collectively, the "Releasors"), irrevocably and unconditionally fully and forever waive, release and discharge the Company, the Company's parents, subsidiaries, affiliates, divisions, and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, and successors of the Company ("Releasees") from any and all claims, demands, actions, causes of

actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of Plaintiff's execution of this Agreement, including, without limitation, any claims under any federal, state, local or foreign law, that Releasors may have, have ever had or may have in the future against Releasees, including but not limited to those arising out of, or in any way related to Plaintiff's hire, benefits, employment, termination or separation from employment with the Company and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not Plaintiff has previously filed such a claim.

     b.    Plaintiff further agrees and acknowledges that Releasors are giving up any rights or claims which Releasors may have against Releasees under numerous laws and regulations, including but not limited to, those regulating employment, whether on the federal, state, or local level, including, but not limited to:

     (i)    any and all claims under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Fair Labor Standards Act ("FLSA") (to the extent permitted by law), the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the National Labor Relations Act, as amended, the Age Discrimination in Employment Act, as amended, the Uniform Services Employment and Reemployment Rights Act, as amended, the Genetic Information Nondiscrimination Act of 2008, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the New York State Human Rights Law, the New York Labor Law (including but not limited to the Retaliatory Action by Employers Law, the New York State Worker Adjustment and Retraining Notification Act, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law), the New York Civil Rights Law, Section 125 of the New York Workers' Compensation Law, the New York City Human Rights Law, any and all claims pursuant to any other state law and all of their respective implementing regulations and/or any other federal, state, local or foreign law (statutory, regulatory or otherwise) that may be legally waived and released;

     (ii)    any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation and/or severance;

     (iii)    any and all claims for monetary or equitable relief, including but not limited to attorneys' fees, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements from the beginning of time to the date of Plaintiff's execution of this Agreement; and

(iv)    any and all claims arising under tort, contract and/or quasi-contract law, including but not limited to claims of breach of an expressed or implied contract, tortious interference with contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, negligent or intentional infliction of emotional distress.

c.      This release and waiver of claims shall not be construed to impair Plaintiff's right to enforce the terms of this Agreement and does not include any claim which, as a matter of law, cannot be released by private agreement.  Nor does this release prohibit or bar Plaintiff from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any local, state, or federal governmental agency, or filing a timely charge or complaint with the EEOC or participating in any investigation or proceeding conducted by the EEOC regarding any claim of employment discrimination.  Notwithstanding the foregoing, with respect to any claim that cannot be released by private agreement, Plaintiff agrees to release and waive and hereby does release and waive his right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on Plaintiff's behalf, either individually or as part of a collective action, by any governmental agency or other third party.

d.      Plaintiff specifically acknowledges that this Agreement is not one that occurs within the context of Rule 41 of the Federal Rules of Civil Procedure in accordance with the decision in Gaughan v. Rubinstein, No. 16-CIV.-8062 (PAE) (KHP), 2017 U.S. Dist. LEXIS 107042 (S.D.N.Y. Jul. 11, 2017).  As such, should Plaintiff commence any action against the Company following the execution of this Agreement, either *pro se* or through counsel, Plaintiff agrees that this separation agreement may be submitted in conjunction with the Company's motion to dismiss any such action on the grounds that a pre-litigation general release of all claims was made.

e.      In exchange for the Settlement Payment and for other good and valuable consideration, receipt of which is hereby acknowledged, Defendants, including their respective parents, subsidiaries, affiliates, successors, assigns, divisions, past and present officers, owners, shareholders, directors, principals, employees, former employees, representatives, service providers, counsel, and/or agents (collectively, the "Releasors"), irrevocably and unconditionally fully and forever waive, release and discharge the Plaintiff, his family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, successors and assigns ("Releasees") from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of Defendants' execution of this Agreement, including, without limitation, any claims under any federal, state, local or foreign law, that Releasors may have, have ever had or may have in the future against Releasees, including but not limited to those arising out of, or in any way related to Plaintiff's hire, benefits, employment, termination or separation from employment with the Company and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not Defendants have previously filed such a claim.

f.      Defendants further agrees and acknowledges that Releasors are giving up any rights or claims which Releasors may have against Releasees under numerous laws and regulations, including but not limited to, those regulating employment, whether on the federal, state, or local level, including, but not limited to:

(i)      any and all claims under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Fair Labor Standards Act ("FLSA") (to the extent permitted by law), the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the National Labor Relations Act, as amended, the Age Discrimination in Employment Act, as amended, the Uniform Services Employment and Reemployment Rights Act, as amended, the Genetic Information Nondiscrimination Act of 2008, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the New York State Human Rights Law, the New York Labor Law (including but not limited to the Retaliatory Action by Employers Law, the New York State Worker Adjustment and Retraining Notification Act, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law), the New York Civil Rights Law, Section 125 of the New York Workers' Compensation Law, the New York City Human Rights Law, any and all claims pursuant to any other state law and all of their respective implementing regulations and/or any other federal, state, local or foreign law (statutory, regulatory or otherwise) that may be legally waived and released;

(ii)      any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation and/or severance;

(iii)      any and all claims for monetary or equitable relief, including but not limited to attorneys' fees, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements from the beginning of time to the date of Defendants' execution of this Agreement; and

(iv)      any and all claims arising under tort, contract and/or quasi-contract law, including but not limited to claims of breach of an expressed or implied contract, tortious interference with contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, negligent or intentional infliction of emotional distress.

g.    This release and waiver of claims shall not be construed to impair Defendants' right to enforce the terms of this Agreement and does not include any claim which, as a matter of law, cannot be released by private agreement.

8.    **Plaintiff's Representations and Warranties.**    Plaintiff hereby represents, warrants, acknowledges, and affirms as follows, solely as to themselves:

a.    that Plaintiff has not filed nor permitted anyone to file on his behalf, any complaints, charges or claims for relief against the Company with any local, state, or federal court or administrative agency other than the Lawsuit;

b.    that he has been paid and have received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off and benefits to which  he may be due for any reason, except as provided in this Agreement;

c.    that he has no known workplace injuries or occupational diseases and have been provided and/or have not been denied any leave requested under the Family and Medical Leave Act (hereinafter the "FMLA");

d.    that he is no longer employed by any Defendant and has no desire to be employed by any Defendant; and

e.    that he shall cause the Lawsuit to be dismissed with prejudice in accordance with this Agreement.

9.    The Plaintiff agrees and affirms that the  Settlement Payment  shall constitute the entire amount of monetary consideration provided to him and his legal counsel, and that Plaintiff will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of the Plaintiff's relationship with the Company

10.    **Procedure**.    After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, subject to Defendants' review of and consent to the motion for judicial approval of the settlement, Plaintiff, on behalf of the Parties, will submit the Agreement and Stipulation to the Court for the Court's consideration and approval.

11.    **Notices**. Any notice or communication required under this Agreement shall be effective when received and sufficient if given in writing, and shall be addressed as follows:

For Plaintiff:            Levin Epstein & Associates, P.C
                         Attn:   Joshua Levin-Epstein, Esq.
                             Jason Mizrahi, Esq.
                         420 Lexington Avenue, Suite 2458
                         New York, New York 10170
                         Email: Joshua@levinepstein.com

Jason@levinepstien.com

For Defendants:                    Sage Legal LLC
                                   Attn: Emanuel Kataev, Esq.
                                   18211 Jamaica Avenue
                                   Jamaica, NY 11423-2327
                                   (718) 489-4155 (facsimile)
                                   emanuel@sagelegal.nyc

12.    **Governing Law, Interpretation and Forum Selection.**  This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflicts of law provisions.  In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  The Parties expressly consent that any action or proceeding relating to this Agreement will be brought in the U.S. District Court for the Eastern District of New York.

13.    **Non-Admission of Wrongdoing**.  This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.  This Agreement compromises disputed claims.  This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.  This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation.  The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties.  This Agreement shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement.

14.    **Cheeks Approval**.  It is expressly agreed and understood that the Court may, independently determine that one or more of the foregoing provision(s) of this Agreement are impermissible under *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015). In such instance, it is expressly agreed and understood that the Court may, independently, strike the foregoing provision, and approve the remaining Settlement Agreement, without the need for the parties to re-execute the Settlement Agreement.

15.    **Entire Agreement**.  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

16.    **Execution.**

a.     The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants.  The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel.  Plaintiff fully understands that this Agreement generally releases, settles, bars and waives any and all wage and hour claims that he possibly could have against Releasees relating to his employment with Defendants.  Plaintiff further represents that he is fully satisfied with the advice and counsel provided by his attorneys; and that Plaintiff fully understands the terms of this Agreement.

17.     **Translation**.  It is further understood and agreed between the Parties that counsel for Plaintiff shall be responsible for translating this Agreement to a language fully understood by Plaintiff, and to fully advise Plaintiff regarding the terms and conditions of this Agreement.  Any contention that the terms and conditions of this Agreement were not translated and communicated to Plaintiff by his counsel shall not be a basis to challenge or to set aside this Agreement.

18.     **Counterparts.**   This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts.  Electronic and facsimile signatures shall be deemed as originals.

19.     **Voluntary Agreement.** By signing in the space provided below, Plaintiff agrees and affirms that:

a.     This Agreement is legally binding, and by signing it, Plaintiff understands that he is giving up certain rights, including his right to pursue any claims against the Releasees from the beginning of time until the date of this Agreement;

b.     Plaintiff  was given at least twenty-one (21) days to review, consider and execute this Agreement and has consulted with his attorney of choice before executing this Agreement;

c.     No promise or representation of any kind or character has been made by the Company or by anyone acting on its behalf to induce Plaintiff to enter into this Agreement, and Plaintiff has not been forced or pressured in any way to sign this Agreement; and

d.     Through this Agreement, Plaintiff is releasing all of the Releasees from any and all wage and hour claims that he may have against the Company in exchange for the Settlement Payment described herein;

e.     Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

*[Remainder of Page Intentionally Omitted]*

*[Signature Page to Follow]*

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily signed this Agreement as of the date(s) set forth below:


**AARON HERNANDEZ**


Dated: _____

_____
Aaron Hernandez


**HAPPY STREET LLC**


Dated: ___06/17/2025___

_____
By:  Slobodan Radivojevic (a/k/a Bob Radivojevic)


**HAPPY STREET TOO LLC**


Dated: ___06/17/2025___

_____
By:  Slobodan Radivojevic (a/k/a Bob Radivojevic)


**SLOBODAN RADIVOJEVIC (A/K/A BOB RADIVOJEVIC)**


Dated: ___06/17/2025___

_____
Slobodan Radivojevic (a/k/a Bob Radivojevic)

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily signed this Agreement as of the date(s) set forth below:

**AARON HERNANDEZ**

Dated: **06 - 10 - 25**

Aaron Hernandez

**HAPPY STREET LLC**

Dated: Jun 7, 2025

Slobodan Radivojevic (Jun 7, 2025 20:05 GMT+2)

By: Slobodan Radivojevic (a/k/a Bob Radivojevic)

**HAPPY STREET TOO LLC**

Dated: Jun 7, 2025

Slobodan Radivojevic (Jun 7, 2025 20:05 GMT+2)

By: Slobodan Radivojevic (a/k/a Bob Radivojevic)

**SLOBODAN RADIVOJEVIC (A/K/A BOB RADIVOJEVIC)**

Dated: Jun 7, 2025

Slobodan Radivojevic (Jun 7, 2025 20:05 GMT+2)

Slobodan Radivojevic (a/k/a Bob Radivojevic)

**Exhibit "A"**

Confession of Judgment – Happy Street LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Aaron Hernandez, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                                  *Plaintiff*,

                -against-

Happy Street LLC, Happy Street Too LLC, and Slobodan Radivojevic (a/k/a Bob Radivojevic),

                                *Defendants*.

-------------------------------------------------------------------X

Case No.: 1:22-cv-06918

**Affidavit of Confession of Judgment –**

**Happy Street LLC**

STATE OF NEW YORK~~ Virginia~~ )

                        )ss:

COUNTY OF Prince William )

      Slobodan Radivojevic (a/k/a Bob Radivojevic), being duly sworn, deposes and states as follows:

      1.    I am an adult individual residing at 7441 Wayne Avenue, Apartment 7F, Miami, FL 33141

      2.    I am the President of Corporate Defendant Happy Street LLC (the "Corporate Defendant").

      3.    I am duly authorized to make this affidavit on behalf of the Corporate Defendant.

      4.    The Corporate Defendant is a signatory to that certain Settlement Agreement, made by and between Plaintiff Aaron Hernandez (the "Plaintiff"), and Happy Street LLC, Happy Street Too LLC, and Slobodan Radivojevic (a/k/a Bob Radivojevic) (collectively, the "Defendants"), on the other hand (the "Settlement Agreement").

      5.    I make this affidavit in support of Plaintiff's application for the entry of a judgment by confession against the Corporate Defendant, in the sum of Fifty Thousand Dollars and Zero Cents ($50,000.00), together with all reasonable attorneys' fees and costs, less any payments made under the Settlement Agreement.

      6.    This confession of judgment is for a debt due to Plaintiff.

      7.    The facts out of which the debt arose and the sum confession due is set forth below:

      8.    WHEREAS, on November 13, 2022, Plaintiff commenced an action in the United States District Court of the Eastern District of New York (the "Court") captioned *Hernandez v. Happy Street LLC et al,* Case No. 1:22-cv-06918-DG-TAM (the "Pending Action") against Defendants, alleging violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA"), the New York Labor Law, N.Y. Lab. Law §§ 190, 650 *et seq*. ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA") (collectively, the "Claims");

9.      On May 1, 2025, following a virtual settlement conference held on April 10, 2025, after multiple rounds of negotiations, the Honorable Magistrate Judge Taryn A. Merkl communicated a mediator's proposal.

10.      On May 6, 2025, the parties accepted the Honorable Magistrate Judge Taryn A. Merkl's mediator's proposal, and reached a resolution, in principle, to settle this matter. The Parties finalized the terms, memorialized in the accompanying Settlement Agreement, for the settlement of Plaintiff's claims for a total sum of $37,500.00 (the "Settlement Amount") to be paid out in accordance with the terms of the Settlement Agreement.

11.      In or around May 2025, Plaintiff and Defendants executed the Settlement Agreement.

12.      The Agreement provides that Defendants will pay Plaintiff in the total amount of Thirty-Seven Thousand Five Hundred Dollars and Zero Cents ($37,500.00) in thirty-one (31) installments.

13.      If Defendants do not remedy the default within five (5) days, I hereby authorize the entry of judgment against Happy Street LLC for the entire amount of Fifty Thousand Dollars and Zero Cents ($50,000.00), together with all reasonable attorneys' fees and costs, less any payments made under the Settlement Agreement. I acknowledge and agree that this calls for a judgment in a greater amount than the initial settlement amount, as a penalty for an uncured default.

14.      I am represented by Counsel and have been fully advised in regard to this Agreement and Confession of Judgment.

15.      I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

*[Remainder of Page Intentionally Omitted]*

*[Signature Page to Follow]*

**HAPPY STREET LLC**

By: _____
Slobodan    Radivojevic    (a/k/a    Bob
Radivojevic)

Dated: ___06/17/2025_____

This instrument was acknowledged before me on this
17th day of June , 2025

_____
Notary Public

Ashley Blair Garrison

REGISTRATION NUMBER
8069823

COMMISSION EXPIRES
February 28, 2027

Notarized remotely online using communication technology via Proof.

**Exhibit "B"**

Confession of Judgment – Happy Street Too LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

Aaron Hernandez, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                                        *Plaintiff*,

                       -against-

Happy Street LLC, Happy Street Too LLC, and Slobodan Radivojevic (a/k/a Bob Radivojevic),

                                      *Defendants*.

-------------------------------------------------------------------X

Case No.: 1:22-cv-06918

**Affidavit of Confession of Judgment –**

**Happy Street Too LLC**

STATE OF ~~NEW YORK~~ Virginia   )
                             )ss:
COUNTY OF Prince William   )

      Slobodan Radivojevic (a/k/a Bob Radivojevic), being duly sworn, deposes and states as follows:

      1.     I am an adult individual residing at 7441 Wayne Avenue, Apartment 7F, Miami, FL 33141

      2.     I am the President of Corporate Defendant Happy Street Too LLC (the "Corporate Defendant").

      3.     I am duly authorized to make this affidavit on behalf of the Corporate Defendant.

      4.     The Corporate Defendant is a signatory to that certain Settlement Agreement, made by and between Plaintiff Aaron Hernandez (the "Plaintiff"), and Happy Street LLC, Happy Street Too LLC, and Slobodan Radivojevic (a/k/a Bob Radivojevic) (collectively, the "Defendants"), on the other hand (the "Settlement Agreement").

      5.     I make this affidavit in support of Plaintiff's application for the entry of a judgment by confession against the Corporate Defendant, in the sum of Fifty Thousand Dollars and Zero Cents ($50,000.00), together with all reasonable attorneys' fees and costs, less any payments made under the Settlement Agreement.

      6.     This confession of judgment is for a debt due to Plaintiff.

      7.     The facts out of which the debt arose and the sum confession due is set forth below:

      8.     WHEREAS, on November 13, 2022, Plaintiff commenced an action in the United States District Court of the Eastern District of New York (the "Court") captioned *Hernandez v. Happy Street LLC et al,* Case No. 1:22-cv-06918-DG-TAM (the "Pending Action") against Defendants, alleging violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA"), the New York Labor Law, N.Y. Lab. Law §§ 190, 650 *et seq*. ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA") (collectively, the "Claims");

9.    On May 1, 2025, following a virtual settlement conference held on April 10, 2025, after multiple rounds of negotiations, the Honorable Magistrate Judge Taryn A. Merkl communicated a mediator's proposal.

10.    On May 6, 2025, the parties accepted the Honorable Magistrate Judge Taryn A. Merkl's mediator's proposal, and reached a resolution, in principle, to settle this matter. The Parties finalized the terms, memorialized in the accompanying Settlement Agreement, for the settlement of Plaintiff's claims for a total sum of $37,500.00 (the "Settlement Amount") to be paid out in accordance with the terms of the Settlement Agreement.

11.    In or around May 2025, Plaintiff and Defendants executed the Settlement Agreement.

12.    The Agreement provides that Defendants will pay Plaintiff in the total amount of Thirty-Seven Thousand Five Hundred Dollars and Zero Cents ($37,500.00) in thirty-one (31) installments.

13.    If Defendants do not remedy the default within five (5) days, I hereby authorize the entry of judgment against Happy Street Too LLC for the entire amount of Fifty Thousand Dollars and Zero Cents ($50,000.00), together with all reasonable attorneys' fees and costs, less any payments made under the Settlement Agreement. I acknowledge and agree that this calls for a judgment in a greater amount than the initial settlement amount, as a penalty for an uncured default.

14.    I am represented by Counsel and have been fully advised in regard to this Agreement and Confession of Judgment.

15.    I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

*[Remainder of Page Intentionally Omitted]*

*[Signature Page to Follow]*

**HAPPY STREET TOO LLC**

By: _____

Slobodan    Radivojevic    (a/k/a    Bob
Radivojevic)

Dated: _____06/17/2025_____

This instrument was acknowledged before me on this
17th___ day of _June___, 2025

_____
Notary Public

**Ashley Blair Garrison**

REGISTRATION NUMBER
8069823

COMMISSION EXPIRES
February 28, 2027

Notarized remotely online using communication technology via Proof.

**Exhibit "C"**

Confession of Judgment – Happy Street Too LLC

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

Aaron Hernandez, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                                    *Plaintiff*,

               -against-

Happy Street LLC, Happy Street Too LLC, and Slobodan Radivojevic (a/k/a Bob Radivojevic),

                               *Defendants*.

------------------------------------------------------------------X

Case No.: 1:22-cv-06918

**Affidavit of Confession of Judgment –**

**Slobodan Radivojevic (a/k/a Bob Radivojevic)**

STATE OF ~~NEW YORK~~ Virginia   )
                        )ss:
COUNTY OF Prince William    )

      Slobodan Radivojevic (a/k/a Bob Radivojevic), being duly sworn, deposes and states as follows:

      1.     I am an adult individual residing at 7441 Wayne Avenue, Apartment 7F, Miami, FL 33141

      2.     I am a signatory to that certain Settlement Agreement, made by and between Plaintiff Aaron Hernandez (the "Plaintiff"), and Happy Street LLC, Happy Street Too LLC, and Slobodan Radivojevic (a/k/a Bob Radivojevic) (collectively, the "Defendants"), on the other hand (the "Settlement Agreement").

      3.     I make this affidavit in support of Plaintiff's application for the entry of a judgment by confession against me, personally, in the sum of Fifty Thousand Dollars and Zero Cents ($50,000.00), together with all reasonable attorneys' fees and costs, less any payments made under the Settlement Agreement.

      4.     This confession of judgment is for a debt due to Plaintiff.

      5.     The facts out of which the debt arose and the sum confession due is set forth below:

      6.     WHEREAS, on November 13, 2022, Plaintiff commenced an action in the United States District Court of the Eastern District of New York (the "Court") captioned *Hernandez v. Happy Street LLC et al,* Case No. 1:22-cv-06918-DG-TAM (the "Pending Action") against Defendants, alleging violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law, N.Y. Lab. Law §§ 190, 650 *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA") (collectively, the "Claims");

7.    On May 1, 2025, following a virtual settlement conference held on April 10, 2025, after multiple rounds of negotiations, the Honorable Magistrate Judge Taryn A. Merkl communicated a mediator's proposal.

8.    On May 6, 2025, the parties accepted the Honorable Magistrate Judge Taryn A. Merkl's mediator's proposal, and reached a resolution, in principle, to settle this matter. The Parties finalized the terms, memorialized in the accompanying Settlement Agreement, for the settlement of Plaintiff's claims for a total sum of $37,500.00 (the "Settlement Amount") to be paid out in accordance with the terms of the Settlement Agreement.

9.    In or around May 2025, Plaintiff and Defendants executed the Settlement Agreement.

10.    The Agreement provides that Defendants will pay Plaintiff in the total amount of Thirty-Seven Thousand Five Hundred Dollars and Zero Cents ($37,500.00) in thirty-one (31) installments.

11.    If Defendants do not remedy the default within five (5) days, I hereby authorize the entry of judgment against me, personally, for the entire amount of Fifty Thousand Dollars and Zero Cents ($50,000.00), together with all reasonable attorneys' fees and costs, less any payments made under the Settlement Agreement. I acknowledge and agree that this calls for a judgment in a greater amount than the initial settlement amount, as a penalty for an uncured default.

12.    I am represented by Counsel and have been fully advised in regard to this Agreement and Confession of Judgment.

13.    I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

*[Remainder of Page Intentionally Omitted]*

*[Signature Page to Follow]*

**SLOBODAN RADIVOJEVIC (A/K/A BOB RADIVOJEVIC)**

_____
Slobodan Radivojevic (a/k/a Bob Radivojevic)

Dated: ___06/17/2025_____

This instrument was acknowledged before me on this
_17th_ day of _June_, 2025

_Ashley Blair Garrison_
Notary Public

| |
|---|
| **Ashley Blair Garrison** |
| REGISTRATION NUMBER |
| 8069823 |
| COMMISSION EXPIRES |
| **February 28, 2027** |

Notarized remotely online using communication technology via Proof.