# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2458 • New York, New York 10170
T: 212.792.0048 • E: Jason@levinepstein.com

January 6, 2026

**_Via Electronic Filing_**
The Hon. Diane Gujarati, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Hernandez v. Happy Street LLC et al*
      Case No.: 1:22-cv-06918-DG-TAM

Dear Honorable Judge Gujarati:

This law firm represents Plaintiff Aaron Hernandez (the "Plaintiff") in the above-referenced action.

Pursuant to Your Honor's Individual Motion Practice Rules, the instant letter respectfully serves to supplement Plaintiff's December 31, 2025 motion for the entry of a judgment pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 58 and/or 60 (the "Motion for the Entry of a Judgment").

The undersigned wishes to clarify the exact amount of the proposed judgment. The Court-approved[1] Settlement Agreement incorporated three (3) confessions of judgment, which allowed Plaintiff to recover "the sum of [$50,000], together with all reasonable attorneys' fees and costs, less any payments made under the Settlement Agreement[,]" in the event of a breach. [*See* Dckt. No. 68]. Defendants had only remitted a partial payment of $8,500, which failed to fund the first installment due in the amount of $10,500.00.[2] Under the terms of the Settlement Agreement, Defendants were required to make an initial payment of $10,500.00 by August 22, 2025. As a result of Defendants' breach, and failure to cure, Plaintiff is entitled to the entry of judgment, consistent with the terms contained in the already-filed confessions of judgment.

Thus, the exact amount of the judgment is: "$41,500, together with all reasonable attorneys' fees and costs."

In the instant case, Plaintiff is seeking the administrative entry of a judgment, based on the express terms of the Court-approved settlement agreement. Section 2 of the Settlement Agreement expressly incorporated the confessions of judgment, as follows:

> 2.   **Confessions of Judgment**. Concurrently with the execution of this Settlement Agreement, Defendants shall each sign a Confession of Judgment in the form annexed hereto as Exhibits "A" through Exhibits "C", in the amount of Fifty Thousand Dollars and Zero Cents ($50,000.00), less any payments made under this Settlement Agreement, together with all reasonable attorneys' fees and costs, which Plaintiff is authorized to file in any Court of competent jurisdiction, in an Event of Default in accordance with this Agreement.

---

[1] *See* 08/13/2025 Order.
[2] Defendants remitted wires of: (i) $4,000 on September 2, 2025; (ii) $1,500 on September 11, 2025; (iii) $2,000 on September 22, 2025; and (iv) $1,000 on October 14, 2025, for a total of $8,500.

[*See* Dckt. No. 68-1 at ¶ 2]. The signed and dated Confessions of Judgment were filed on the docket as an exhibit to the Settlement Agreement. [*See* Dckt. No. 68-1 at pp. 14-24]. Moreover, the Settlement Agreement expressly contemplated the entry of judgment upon default. [*See* Dckt. No. 68-1 at ¶¶ 2, 4].

Thus, the Plaintiff is respectfully requesting that the Court direct the Clerk to enter judgment based on an instrument already before the Court – and not to enforce the settlement. This is a purely ministerial act under Fed.R.Civ.P. 58, which does not require the Court to determine whether it has jurisdiction to enforce the settlement agreement. Rather "the court must determine the validity of the Judgment, which was entered based on [the] confession of judgment. The court may undoubtedly enforce such judgments." *Orlando Residence, Ltd. v. Hilton Head Hotel Invs.*, 2013 WL 1103027, at *6 (D.S.C. 2013), *aff'd sub nom. Orlando Residence, Ltd. v. Nelson*, 565 F. App'x 212 (4th Cir. 2014) (citations omitted).

In light of the foregoing, it is respectfully requested that the Court enter a judgment for "$41,500, together with all reasonable attorneys' fees and costs[,]" pursuant to Fed.R.Civ.P. 58. Upon information and belief, the individual defendant is dissipating assets. Thus, the instant request is made on an urgent, and time sensitive, basis.

Thank you, in advance, for your time and attention to this matter.

                                                Respectfully submitted,

                                                LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                                By: */s/ Jason Mizrahi*
                                                     Jason Mizrahi
                                                     420 Lexington Avenue, Suite 2458
                                                     New York, NY 10170
                                                     Tel. No.:  (212) 792-0048
                                                     Email: Jason@levinepstein.com
                                                     *Attorneys for Plaintiff*

VIA ECF: All Counsel